525 A.2d 400

**Ronald PENN**

v.

**NATIONWIDE INSURANCE COMPANY, Appellant.**

**Ronald PENN, Appellant,**

v.

**NATIONWIDE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Jan. 15, 1987.

Filed May 4, 1987.

Perry J. Fiorayanti, Philadelphia, for appellant (at 899) and for appellee (at 1088).

Claire D. Newman, Philadelphia, for appellant (at 1088) and for appellee (at 899).

Before CIRILLO, President Judge, and ROWLEY and HOFFMAN, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

These are consolidated cross appeals from the trial court's Order simultaneously entering a verdict and judgment in favor of plaintiff Ronald Penn.

Plaintiff was injured in an automobile accident on December 29, 1979. Formal application for benefits was submitted by him to his insurer, Nationwide, on April 23, 1980. Nationwide denied plaintiff's claims on May 25, 1982. Plaintiff then instituted this action under the Pennsylvania No-Fault Motor Vehicle Act against Nationwide on September 30, 1982. The case was first heard in arbitration which resulted in an award to plaintiff. Defendant Nationwide appealed to the Court of Common Pleas of Philadelphia County. That court entered judgment in favor of plaintiff on the issue of basic loss benefits. Post-trial motions were then filed by both parties but never disposed of by the trial court. Nationwide filed a timely appeal from the verdict in favor of plaintiff as well as from the denial of counsel fees. Plaintiff also filed a timely appeal from the denial of counsel fees.

Two issues are presented on these appeals: whether *Murphy v. Prudential Property & Casualty Ins. Co.*, 503 Pa. 528, 469 A.2d 1378 (1983) (holding that the insured must file his claim for benefits under the No-Fault Act within two years from the date the expenses were incurred) should be

applied retroactively, and whether the trial court erred in not awarding counsel fees.

Before reaching the merits of these appeals however, we must determine whether they are properly before us. *Commonwealth v. Williams,* 357 Pa.Super. 462, 516 A.2d 352 (1986). Though not raised by any party, questions of jurisdiction and appealability must be raised by the Court *sua sponte. Id.* After a thorough review of the record, we find that the case before us is fatally deficient substantively, procedurally and physically. We therefore dismiss both appeals.

This action was presented to the trial court either on a case-stated basis or upon a stipulation of facts. Generally, the distinction is important for purposes of appeal.

> [I]n a trial without jury upon a stipulation of facts, the parties submit an agreed statement of facts. The court then renders a *decision,* which is subject to exceptions and review by the court before any judgment is entered.... On the other hand, in a case stated, the parties submit an agreed statement of facts and request entry of *judgment* by the court upon the facts stated. The judgment thus entered is final, and no exceptions are necessary prior to the taking of an appeal, if the parties reserved the right to appeal in their agreed statement.

*Wertz v. Anderson,* 352 Pa.Super. 572, 577, 508 A.2d 1218, 1220 (1986) (emphasis in the original, citations omitted). In either case then, in order to preserve the right to appeal, certain steps must be taken. First, in both cases, an agreed statement of facts must be submitted to the court. Then, in a trial without jury upon a stipulation of facts, after the court renders its decision, exceptions must be filed and reviewed in order to preserve issues for appeal. While no such exceptions need be filed in a case-stated, the statement of facts must contain a clause reserving the right to appeal.

Whether the instant action qualifies as a case submitted upon a stipulation of facts or as a case-stated is not clear. In its Opinion of March 11, 1986, the trial court states that the case was submitted to it on a stipulation of

facts. However, both verdict and judgment were entered at the same time which is indicative of a case-stated. Both parties refer to the action as both case-stated and submitted upon the facts at different places in the record. However, the distinction between the two types of cases is not important since either way the parties failed to preserve their right to appeal.

While the reproduced record submitted by plaintiff contains a "Stipulation," the original record does not, nor does the Stipulation appear in the docket entries. Further, the copy in the reproduced record, which is signed only by defendant's counsel, merely states the facts of the action. It does not request that the action be submitted as case-stated, or upon the facts. Nor does it reserve the right to appeal. Thus, characterizing this action as case-stated, the parties have waived their right to appeal.

Characterizing the action as submitted upon the facts is no more successful. Though the docket shows that the parties filed post-trial motions as is required when the case is submitted on the facts, such motions are not part of the original record. "It is the appellant's responsibility to provide a complete and comprehensive record to the reviewing court for the purposes of appeal." *Commonwealth v. Williams*, 357 Pa.Super. at 466, 516 A.2d at 354. Further, we may not consider material not contained in the original record. *Panko v. Alessi*, 362 Pa.Super. 384, 524 A.2d 930 (1987). Even if we could consider the motions as they appear in the reproduced record, we would be unable to grant the parties any relief since the motions, according to the docket, were filed twenty-two days after the verdict. Pa.R.C.P. 227.1(c) requires post-trial motions to be filed within ten days of the verdict. Thus, the parties have failed to preserve their issues for review. *Erkens v. Tredennick*, 353 Pa.Super. 236, 509 A.2d 424 (1986) (complaining party has the duty to preserve the record).

For these reasons we do not reach the merits of the claims presented, but rather dismiss these appeals.

Appeals dismissed.