671 A.2d 1159

**Ronald R. LOCKHART, Appellant,**

v.

**ERIE INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 10, 1995.

Filed Feb. 21, 1996.

John A. Fitzpatrick, Philadelphia, for appellant.

Jeffrey P. Lewis, Media, for appellee.

Before DEL SOLE, BECK and HUDOCK, JJ.

DEL SOLE, Judge:

Appellant, an insured under an property insurance policy issued by Appellee, filed a claim with Appellee seeking coverage for a loss his property sustained when nearby underground storage tanks leaked gasoline onto his property. Appellee denied coverage based upon a pollution exclusion clause contained in the policy. Appellant filed this suit claiming a breach of contract and seeking a Declaratory Judgment. A document titled, "Stipulation of Facts" was presented to the trial court upon which the court entered an Order stating that it "f[ou]nd in favor of the defendant [footnote omitted] and against the plaintiff." [1] (Trial Court Order filed 12/16/94). Judgment was not entered and post-trial motions were not filed, but this appeal followed.

On February 23, 1995, Appellant's counsel was asked to respond to this court's inquiry into whether Appellant's issues were preserved because Appellant did not file post-trial motions. Counsel responded that he believed that post-trial motions were not necessary because this was a matter brought before the court on a case stated basis rather than on a stipulation of facts.

In a non-jury trial based upon a stipulation of facts, the parties submit an agreed statement of facts and the court renders a decision subject to exceptions and review before judgment is entered. *Penn v. Nationwide Insurance Co.*, 363 Pa.Super. 13, 525 A.2d 400 (1987). By contrast, for a case to be submitted as a *case stated* the parties must (1) submit an agreed statement of facts; (2) request that the court enter judgment based upon the facts stated; and (3) reserve their right to appeal in this statement. *Wertz v. Anderson*, 352 Pa.Super. 572, 508 A.2d 1218 (1986). The distinction between

---

1. We note that while Appellant has included a copy of the "Stipulation of Facts" in the reproduced record, there is no such document in the original record.

a case stated and a case tried upon stipulated facts is important in determining what procedure must be followed in taking an appeal. "[W]here there is a trial without jury upon stipulated facts submitted for the *decision* of the court, a party must file post-trial motions pursuant to Rule 227.1(c) to preserve any right of appeal.... However, where the parties submit an agreed upon statement of facts for the entry of *judgment* by the court, the judgment is considered final and the parties must appeal within thirty days of the judgment without filing post-trial motions." *Miller v. Kramer,* 424 Pa.Super. 48, 50–51, 621 A.2d 1033, 1035 (1993).

■ In the instant case, the document submitted to the court was entitled, "Stipulation of Facts". It did not request that the court enter judgment and, as evidenced by the wording of the court's Order, the court made a finding but did not direct entry of a judgment. Furthermore, the parties did not reserve the right to appeal in their agreed upon statement.

Thus, the instant matter does not comply with the requirements of a case stated and was obviously submitted on a stipulation of facts. Since Appellant failed to file post-trial motions and judgment was never entered, Appellant's issues have not been preserved and, therefore, we must quash this appeal.

Appeal quashed.

BECK, J., files a concurring statement.

BECK, Judge, concurring:

I join in the majority's opinion and decision. Under the current law there is a difference between the submission of a case on stipulated facts and the submission of a case stated. Each has its own requirements at filing, and different ramifications upon decision and appeal. On close analysis, the two procedures present a distinction without a true difference, and pose a technical "trap" rather than a reasoned policy choice.