711 A.2d 1003

**WYNNEWOOD DEVELOPMENT, INC., Appellant,**

v.

**BANK AND TRUST COMPANY OF OLD YORK ROAD, Appellee.**

Supreme Court of Pennsylvania.

Submitted Sept. 2, 1997.

Decided May 19, 1998.

David N. Bressler, Blue Bell, for Wynnewood Development, Inc.

Michele Langer, Philadelphia, Justin K. Miller, for Bank and Trust Co. of Old York Road.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION OF THE COURT*

CASTILLE, Justice.

The sole issue on appeal is whether a plaintiff may appeal as of right from an order which dismissed that portion of the complaint's prayer for relief requesting the issuance of an injunction and an order for specific performance, even though that portion of the complaint's prayer for relief requesting compensatory damages is still allowed to go forward to trial. Because we find that such an order constitutes an interlocutory order appealable as of right pursuant to Rule 311(a)(4) of the Rules of Appellate Procedure, we reverse the order of the Superior Court quashing appellant's appeal and remand the matter to the Superior Court for consideration of the merits of the issues raised in appellant's appeal.

The relevant facts to this appeal are that on March 8, 1995, appellant, Wynnewood Development, Inc., ("Wynnewood"), filed a civil complaint against appellee, Bank and Trust Company of Old York Road, ("Old York Road"), in the Montgomery County Court of Common Pleas, Civil Division. Wynnewood's complaint alleged that it entered into an agreement of sale with Old York Road under which Wynnewood agreed to purchase from Old York Road certain unimproved real estate located in Abington Township, Montgomery County, Pennsylvania. Wynnewood's complaint asserted that the agreement of sale was comprised of various written documents that the parties orally modified.[1] In the prayer for relief, Wynnewood sought injunctive relief which would prevent Old York Road from conveying, assigning or otherwise transferring its rights to the property in dispute. The prayer for relief also sought specific performance from Old York Road as well as such compensatory damages as may be appropriate.

---

1. Attached to appellant's complaint was an offer letter from appellant (which expressly stated that it was not an agreement of sale), an undated and unsigned agreement of sale, a copy of a cashed check drawn on an account by appellant which was made payable to appellee and an undated draft agreement of sale which was signed by appellant only.

On May 19, 1995, Old York Road filed a motion for summary judgment in which it alleged that it never signed a written document evidencing an agreement to sell the property in question to Wynnewood and that it never entered into any oral agreements with Wynnewood. Because there was no written agreement evidencing the intent to sell the property to Wynnewood, Old York Road alleged that the action was barred by the statute of frauds.[2]

On January 23, 1996, the trial court entered an order denying Old York Road's motion for summary judgment based on the statute of frauds with respect to Wynnewood's prayer for relief in the form of compensatory damages on the ground that there was sufficient evidence of partial performance of an oral contract as to the property in question which may have the effect of removing the action from the statute of frauds. The trial court also found that material issues of fact existed which needed to be resolved at trial as to Wynnewood's prayer for compensatory damages.[3] The trial court, however, did grant Old York Road's motion for summary judgment as it related to Wynnewood's prayer for equitable relief and dismissed Wynnewood's request for injunctive relief and specific performance.

Wynnewood filed a timely appeal with the Superior Court as to that portion of the trial court's order granting Old York Road's motion for summary judgment and dismissing Wynnewood's prayer for injunctive relief and specific performance. On June 24, 1996, the Superior Court quashed Wynnewood's appeal based on the ground it found that the appeal was from an interlocutory order which was not appealable as of right. This Court granted allocatur in order to determine whether the Superior Court erred in quashing Wynnewood's appeal.

**2.** Under the statute of frauds, no action can be maintained for the sale of land unless there is a note or memorandum in writing signed by the party to be charged or that party's authorized agent. 33 P.S. § 1.

**3.** The material issues of fact which the trial court found needed to be resolved at trial were: (a) whether the parties entered into an oral contract for the sale of the real property in question; (b) the terms of the alleged oral contract; and (c) what monetary damages, if any, were suffered by appellant.

As a general rule, a party has the right to appeal from final orders of courts of competent jurisdiction in the Commonwealth. 42 Pa.C.S. 5105(a). Further, interlocutory orders of tribunals and other government units may be appealed as specified by the law. 42 Pa.C.S. 5105(c). In that regard, Rule 311 of the Rules of Appellate Procedure, which governs interlocutory appeals as of right, provides, in pertinent part:

**(a) General Rule.** An appeal may be taken as of right and without reference to Pa. R.A.P. 341(c) [concerning final orders] from:

\* \* \*

(4) *Injunctions.* An order granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except for injunctions pursuant to Sections 3323(f) and 3505(a) of the Divorce Code, 23 Pa.C.S. 3323(f) and 3505(a). A decree nisi granting or denying an injunction is not appealable as of right under this rule, unless the decree nisi (i) grants an injunction effective upon entry of a decree nisi or (ii) dissolves a previously granted preliminary injunction effective upon the entry of the decree nisi.

Pa. R.A.P. 311(a)(4).

In construing Rule 311(a)(4), this Court is guided by the rules of statutory construction. Pa. R.A.P. 107.[4] When the words of a statute are clear and free from all ambiguity, the letter of the words cannot be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S.1921(b). This Court finds that the plain meaning of the words contained in Rule 311(a)(4) is that an order refusing a request for an injunction is an interlocutory order appealable as of right unless the order involves an injunction issued pursuant to two explicit provisions of the Divorce Code or the order is in the form of a *decree nisi.*[5] Here, the denial of Wynnewood's prayer for

4. The rules of construction in Chapter 19 of Title 1 of the Pennsylvania Consolidated Statutes apply to the interpretation of the Rules of Appellate Procedure.

5. A *decree nisi* is a "provisional decree, which will be made absolute on motion unless cause be shown against it." Black's Law Dictionary (6th Ed.) at 411.

injunctive relief was neither made under the Divorce Code nor entered as a *decree nisi*. Thus, Rule 311(a)(4) mandates a finding that the trial court's order granting Old York Road's motion for summary judgment and dismissing Wynnewood's prayer for injunctive relief and specific performance was an interlocutory order appealable as of right.

Moreover, this Court's holding today is consistent with the case of *Petry v. Tanglwood Lakes, Inc.*, 514 Pa. 51, 522 A.2d 1053 (1987). In *Petry*, which is factually similar to the facts of this appeal, a property owner in a development brought an action seeking specific performance of an agreement entered into by the developer and the property owner under which the developer agreed to construct a lake. The property owner's complaint also sought an injunction to enjoin the developer from executing a settlement agreement concerning the lake with another party as well as compensatory damages. The trial court granted the developer's preliminary objections as to the property owner's prayer for equitable relief in the form of specific performance or an injunction. The trial court then transferred the complaint to the law side of the court in order to consider the compensatory damages aspect of the case.

The Superior Court affirmed the trial court's order in *Petry* and this Court granted allocatur in order to address the propriety of the trial court's order dismissing the property owner's request for specific performance of a contract related to the sale or development of real estate. However, before addressing the merits of the property owner's appeal, this Court stated that:

> An order certifying a case from equity to law had traditionally been regarded as interlocutory in nature and unappealable. The trial court's amended order in the instant case expressly denies injunctive relief, however, and under Pa. R.A.P. 311(a)(4), an order refusing injunctions, although interlocutory, is now appealable as of right. Appeal to Superior Court was proper, therefore, and the matter is at least ripe for review by this Court at this time.

*Petry*, 514 Pa. at 56, n. 3, 522 A.2d at 1055, n. 3 (citation omitted).

Therefore, based on the plain language of Rule 311(a)(4) and *Petry*, this Court finds that the trial court's order granting summary judgment in favor of Old York Road and dismissing Wynnewood's prayer for equitable relief in the form of an injunction and specific performance was an interlocutory order appealable as of right. Thus, the Superior Court erred in quashing Wynnewood's appeal. Accordingly, the order of the Superior Court is reversed and this matter is remanded to the Superior Court to reinstate Wynnewood's appeal for consideration on the merits of the issues raised in the appeal. Jurisdiction is relinquished.