**William C. VONADA & Bonnie L. Vonada T/D/B/A Keystone View Farms, Appellants**

v.

**Betty K. LONG, Nancy J. Vonada, Appellees.**

Superior Court of Pennsylvania.

Submitted Oct. 6, 2003.

Filed June 7, 2004.

**332** ■　■■■■■■■■■

Paul D. Welch, Lock Haven, for appellants.

Carl E. Barlett, Williamsport, for Betty Long and Vonada, appellees.

Fred A. Holland, Williamsport, for Jeff Long (Intervener), appellee.

Before: FORD ELLIOTT, TODD and POPOVICH, JJ.

POPOVICH, J.

¶ 1 Appellants William C. Vonada and Bonnie L. Vonada, t/d/b/a Keystone View Farms, appeal the order of the Court of Common Pleas of Clinton County refusing to enjoin Appellees Betty K. Long and Nancy J. Vonada from selling certain realty to anyone other than Appellants.[1] We reverse.

¶ 2 After Appellants filed a complaint in equity and Appellees filed various pleadings, the parties agreed the matter would be submitted to the court upon a case stated basis[2] which established the following: By deed dated September 1, 1986, Appellees were transferred fee simple title to 2.78 acres of land by their parents.

1. The proposed sale was to Appellee Jeff Long, who was permitted to intervene in these proceedings by order of court dated January 10, 2003. See Record No. 8.

2. See Penn v. Nationwide Ins. Co., 363 Pa.Super. 13, 525 A.2d 400 (1987), which discusses the difference between a lawsuit decided upon a case stated basis and one determined upon a stipulation of facts, the latter of which necessitates the submission of post-verdict motions to preserve any right of appeal pursuant to Pa.R.C.P. 227.1(c). Accord Ryan v. Gordon, 451 Pa.Super. 459, 679 A.2d 1313 (1996); Lockhart v. Erie Insurance Co., 448 Pa.Super. 441, 671 A.2d 1159 (1996). The salutary feature of filing post-trial motions is to afford the trial court the first opportunity to remedy any deficiencies in advance of appeal. Motorists Mutual Insurance Co. v. Pinkerton, 574 Pa. 333, 830 A.2d 958, 964 (2003) ("The venerable purpose of the post-trial motion procedure is to permit the trial court to correct its own errors before appellate review is commenced. Pa.R.C[.]P. 227.1[.]" (footnote omitted)).

Herein, Appellants filed a notice of appeal. The trial court ordered a Pa.R.A.P.1925(b) statement of matters complained of on appeal. Appellants complied, and the trial court addressed the sole issue in its opinion filed with this Court. See Commonwealth v. Butler, 571 Pa. 441, 445, 812 A.2d 631, 633 (2002) (Concurring Opinion by Justice Castille) ("Rule 1925 [...] must apply to *all* cases on appeal. Notably, both the Superior Court and the Commonwealth Court have applied the teaching of [Commonwealth v.] Lord, [553 Pa. 415, 719 A.2d 306 (1998),] to civil cases no less than criminal cases. Lobaugh v. Lobaugh, 753 A.2d 834, 837–39 (Pa.Super.2000)[alimony issued waived because not raised in Rule 1925(b) statement]; Giles v. Douglass, 747 A.2d 1236, 1236–37

Also, the deed contained the following proviso:

> This conveyance [from the Clifford C. Vonada and Vera E. Vonada, his wife, the Grantors, to Betty K. Long (married) and Nancy J. Vonada (single), the Grantees,] of 2.78 acres described above shall be subject to the following conditions, restrictions, and covenants which shall run with the land: If the owners of all or any part of the 2.78 acre tract herein conveyed decides [*sic*] to sell or transfer all or any part of that tract to someone other than the other Grantee, the Grantees' spouses, or the Grantees' children, at a time when the Grantors' son, William C. Vonada and/or William's wife, [Appellant] Bonnie L. Vonada, and/or William's children own the original one hundred sixteen (116) acre tract of farm real estate from which this 2.78 acre tract is being conveyed, then the interest in the 2.78 acre tract which is to be sold or transferred shall first be offered to the owners of the adjoining one hundred thirteen (113) acre tract of real estate. The purchase price of this first right or [*sic*] refusal shall be the highest good-faith offer received by the owner wishing to sell his/her interest in the 2.78 acre tract or the then fair market value of the interest in the 2.78 acre tract if no offers have been received by the owner. The persons entitled to exercise this first right or [*sic*] refusal shall have thirty (30) days after receiving written notice from the owner of the interest which is to be sold or transferred in which to notify the owner of their intention to exercise or not to exercise the first right or [*sic*] refusal. The first right or [*sic*] refusal shall cease, determine, [*sic*] and terminate automatically upon the death of the survivor of William C. Vonada, Bonnie L. Vonada, and their now living children. The purpose of this provision is to give the owners of the adjoining one hundred thirteen (113) acre parcel of farm property the right to purchase the homestead dwelling and the remaining 2.78 acres of land so that these parcels can be owned by the same persons if the Grantees herein no longer wish to keep the ownership of this 2.78 acre parcel in their family or families. This first right of refusal cannot be exercised by any person or persons other than William C. Vonada, Bonnie L. Vonada, and/or their now living children and the person or persons who exercise this right or [*sic*] refusal must be the owner or owners of the adjoining tract of farm real estate.

*See* Exhibit "A" attached to Appellants' brief, at 19.[3] The preceding parcel sat adjacent to a 113–acre tract owned by Appellants, of whom Appellant William C. Vonada and Appellant Bonnie L. Vonada, his wife, are the brother and sister-in-law of Appellees, respectively.

---

(Pa.Super.2000) [application of *Lord* to custody matter]." Lastly, the trial court drafted an opinion addressing Appellants' appellate issue after a response to the Rule 1925(b) statement of matters complained of on appeal was filed timely. *Commonwealth v. Douglas*, 835 A.2d 742, 744 n. 2 (Pa.Super.2003) (Rule 1925 applies equally to civil and criminal cases); *see Commonwealth v. Ortiz*, 745 A.2d 662 (Pa.Super.2000) (although Rule 1925(b) statement was untimely filed, the trial court's subsequent opinion discussed sole issue raised therein and, thus, there is no impediment to Superior Court's meaningful review),

*appeal denied*, 568 Pa. 658, 795 A.2d 973 (2000). *Accord Commonwealth v. Blick*, 840 A.2d 1025, 1026 n. 4 (same); *Commonwealth v. Zingarelli*, 839 A.2d 1064 (Pa.Super.2003) (same).

At bar, we conclude no post-trial motions needed to be filed with the entry of the trial court's *final* decree. *See* discussion, *infra*.

3. For informational purposes, all references to exhibits attached to the briefs of the parties also appear in the official record as attachments to the parties' "Stipulation of Facts."

¶ 3 By letter dated August 7, 2002, Appellants received notice from counsel for Appellees that an offer of $145,000.00 to purchase their property had been received, and, consistent with the covenant in the deed of September 1, 1986, Appellants were afforded the "right of first refusal," which had to be exercised within thirty days to avoid the sale to the prospective, unidentified buyer.[4] *See* Exhibit "B" attached to Appellants' brief, at 23.

¶ 4 By letter dated August 13, 2002, Appellants accepted the offer to purchase Appellees' property for the price stated. Settlement would occur upon receipt of a "commitment letter" from a lending institution.[5] Appellees wrote a letter dated August 19, 2002, to Appellants disclosing that they "did not realize" the person who made the original offer to buy the property "was, in fact, [Appellee] Betty Long's son, [Appellee] Jeff Long. Therefore, the right

of first refusal ... would not come into play .... Accordingly, the sale to [Appellee] Jeff Long w[ould] proceed ...."[6] *See* Exhibit "E" attached to Appellants' brief, at 28. Appellants filed a complaint to enjoin the sale and acquire title. The court denied Appellants' request for injunctive relief because the case involved a "mutual mistake" subjecting the agreement to rescission. This appeal ensued questioning:

> Whether the Court of Common Pleas of Clinton County committed error of law and/or abused its discretion in determining that there was "mutual" mistake rather than "unilateral" mistake on the part of Appellees, thereby abrogating any obligation of Appellees to sell real estate offered by Appellees to Appellants.

Appellants' brief, at 3.

◼ ¶ 5 Before addressing the merits of the claim, we need to decide whether

---

4. An identical letter was forwarded to Appellant Keystone View Farms. *See* Exhibit "C" attached to Appellants' brief, at 25.

5. The August 13, 2002, letter reads:

> Dear [Attorney for Appellees]:
> I am writing to you on behalf of my client, [Appellant] Keystone View Farms, LP in response to your correspondence of August 7, 2002.
> Please be advised that [Appellant] Keystone View Farms, LP, desires to exercise its right of first refusal and to purchase your clients' property for the price of $145,000.00 which you represent to be an offer which your clients have accepted. Based upon initial discussions with a local lender, we feel the funds necessary to complete this acquisition should be available within thirty (30) to forty-five (45) day. I will confirm availability of funds upon receipt of the commitment letter.

*See* Exhibit "D" attached to Appellants' brief, at 27. We find this August 13th letter by counsel to be one drafted as the agent for Appellants William C. Vonada and Bonnie L. Vonada. *See* "Affidavit of Larry R. Coploff, Esquire," ¶¶ 5, 6, and 8.

6. The text of the entire August 19, 2002, letter states:

> Dear [Counsel for Appellants],
> It seems that I did not realize that the person who made an offer to buy the property currently owned by [Appellees] Nancy Vonada and Betty Long, was, in fact, Betty Long's son, [Appellee] Jeff Long. Therefore, the right of first refusal contained in the deed from Clifford and Vera Vonada to [Appellees] Nancy Vonada and Betty Long at Deed Book 299 Page 11 would not come into play as [Appellee] Jeff Long is [Appellee] Betty Long's son.
> I am enclosing a copy of the purchase offer signed by [Appellee] Jeff Long for your records. I am also enclosing a copy of the aforementioned deed.
> Accordingly, the sale to [Appellee] Jeff Long will proceed and the home will not be sold to your clients as they do not have the right of first refusal to either [Appellees] Nancy Vonada or Betty Long.
> If you have any questions regarding the above, please do not hesitate to contact me.

*See* Exhibit "E" attached to Appellants' brief, at 28.

the appeal is properly before us. The question of the appealability of the May 6, 2003 order goes to our jurisdiction, which may be inquired into by this Court *sua sponte*. *O.D. Anderson, Inc. v. Cricks*, 815 A.2d 1063, 1067 (Pa.Super.2003); *see also West Pittsburgh Partnership, et al. v. McNeilly, et al.*, 840 A.2d 498 (Pa.Cmwlth. 2004). In this Commonwealth, an appeal may be taken from: (1) a final order or one certified by the trial court as final; (2) an interlocutory order as of right; (3) an interlocutory order by permission; or (4) a collateral order. *Morgan Trailer Mfg., Co. v. Hydraroll, Ltd.*, 804 A.2d 26, 29 (Pa.Super.2002).

¶ 6 The genesis of this case is in Appellants' efforts to secure an injunction. The trial court's denial of the same leads us to Rule 311 of the Pennsylvania Rules of Appellate Procedure, which states in relevant part:

**Rule 311. Interlocutory Appeals as of Right**

**(a) General Rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) [**Determination of Finality**] from:

\* \* \* \* \* \*

(4) *Injunctions.* An order granting, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except for injunctions pursuant to Sections 3323(f) and 3505(a) of the Divorce Code. 23 Pa.C.S. §§ 3323(f) and 3505(a). A decree nisi granting or denying an injunction is not appealable as of right under this rule, unless the decree nisi (i) grants an injunction effective upon the entry of a decree nisi or (ii) dissolves a previously granted preliminary injunction effective upon the entry of a decree nisi.

Pa.R.A.P. 311(a)(4).

Recently, our Supreme Court explained the plain meaning of this [R]ule [311] in *Wynnewood Development, Inc. v. Bank and Trust Co. of Old York Road*, 551 Pa. 552, 711 A.2d 1003 (1998). In that case, Wynnewood Development, Inc. ("Wynnewood") filed a complaint against the Bank and Trust Co. of Old York Road ("Old York Road") after Old York Road refused to sell Wynnewood a piece of real estate pursuant to an agreement of sale. *Id.* at 554, 711 A.2d at 1004. In its prayer for relief, Wynnewood sought injunctive relief to prevent Old York Road from transferring Old York Road's rights to the property in dispute. *Id.* Wynnewood also sought specific performance of the contract and compensatory damages. *Id.* When Old York Road field a motion for summary judgment, the trial court granted the motion as it related to Wynnewood's prayer for equitable relief. *Id.* at 555, 711 A.2d at 1005. However, the trial court permitted Wynnewood to proceed with its claim for compensatory damages. *Id.*

Wynnewood filed an immediate appeal pursuant to Rule 311(a)(4), and a panel of [the Pennsylvania Superior] Court quashed the appeal as interlocutory. *Id.* ***On appeal, our Supreme Court reviewed the language of Rule 311(a)(4) and determined that an appeal from the dismissal of Appellant's complaint for injunctive relief was interlocutory as of right.*** *Id.* at 556–57, 711 A.2d at 1005. Specifically, the Court stated as follows:

In construing Rule 311(a)(4), this Court is guided by the rules of statutory construction. Pa.R.A.P. 107. When the words of a statute are clear and free from ambiguity, the letter of the words cannot be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S.1921(b). ***This Court finds that the plain meaning of the words***

*contained in Rule 311(a)(4) is that an order refusing a request for an injunction is an interlocutory order appealable as of right unless the order involves an injunction issued pursuant to two explicit provisions of the Divorce Code or the order is in the form of a decree nisi. [n 5]*

*[n 5] A decree nisi is a "provisional decree, which will be made absolute on motion unless cause be shown against it." Black's Law Dictionary (6th Ed.) at 411. Here, the denial of Wynnewood's prayer for injunctive relief was neither made under the Divorce Code nor entered as a decree nisi. Thus, Rule 311(a)(4) mandates a finding that the trial court's order granting* Old York Road's motion for summary and *dismissing Wynnewood's prayer for injunctive relief and specific performance was an interlocutory order appealable as of right.*

*O.D. Anderson, Inc. v. Cricks*, 815 A.2d 1063, 1069 (Pa.Super.2003) (emphasis added; citation omitted).

7. The entire order reads:

NOW, this 6th day of May, 2003, IT IS HEREBY DECREED as follows: 1. We accept the Stipulation of Facts of the parties, filed April 10, 2003, as our Findings of Fact. 2. [Appellants'] request for relief is DENIED and their Complaint is DISMISSED.

*See* Record No. 16 (captioned "DECISION") at 3–4. We read this as a *final* decree because it is not "provisional" in nature, which would have required the submission of a motion to make it absolute. *Wynnewood*, at 556–57, 711 A.2d at 1005.

8. Parenthetically, had the trial court entered a decree nisi, an appeal may have been permitted because the order had the immediate effect of changing the status quo. *See* Note to Pa.R.A.P. 311(a)(4), which states:

*The 1996 amendments to paragraph (a)(4) simultaneously recognized two exceptions to the non-appealability of a decree*

¶ 7 Consistent with *Wynnewood* and the plain language of Rule 311(a)(4), we hold Appellants' appeal is interlocutory as of right. The record discloses the trial court entered an order denying Appellants' complaint for injunctive relief.[7] Preceding the entry of the order, Appellants filed a complaint containing a prayer for injunctive relief to prohibit Appellees from selling realty to Appellee Jeff Long and, in turn, forcing Appellees to sell the property in accordance with their agreement with Appellants. A series of pleadings were exchanged between the parties (answer and new matter, reply, and petition to intervene). The case was even praeciped for issue and a trial date scheduled, but the parties joined in a motion to continue the non-jury trial, each "reasonably believ[ing] that a Stipulation of Facts c[ould] be worked out and presented to the [Trial] Court, so that the matter c[ould] be decided [finally] on briefs and argument." *See* Record No. 12, ¶ 9. The trial court accommodated the litigants, decided their dispute based on the record and entered a final, not provisional, decree.[8] *O.D.*

*nisi: these exceptions, identified in phrases (a)(4)(i) and (ii), permit an appeal from a decree nisi if the order had the immediate effect of changing the status quo.*

\* \* \* \* \* \*

If [ . . . ] the decree nisi provides for permanent injunctive relief upon entry of the decree nisi [ . . . ] the decree nisi is appealable pursuant to phrase (a)(4)(i) or (ii). [emphasis added].

Herein, Appellees Betty K. Long and Nancy J. Vonada, as well as the prospective buyer/Appellee Jeff Long, agreed: "all matters related to the sale of the property ha[d] been postponed pending the outcome of this litigation." *See* Record No. 12, ¶ 10. Accordingly, once Appellants' request for injunctive relief had been denied, the Appellees Betty K. Long and Nancy J. Vonada could have consummated the sale to Appellee Jeff Long because no supersedeas had been sought by Appellants pending appeal. *See* Pa.R.A.P. 1702 (**Application for Stay or Injunction Pending Appeal**).

*Anderson,* 815 A.2d at 1069. "Since the decision of the trial court was based solely on its consideration of the record [—briefs of the parties and stipulation of facts—] without the introduction of evidence, it clearly is an order [ . . . ] entered in a proceeding that did not constitute a trial. Consequently, post-trial motions actually were prohibited under Pa.R.C.P. 227.1." *Lenhart v. Travelers Insurance Co.,* 408 Pa.Super. 1, 596 A.2d 162, 164 (1991); *see also* note 2, *supra.* However, a concise statement of matters complained of on appeal was filed by Appellants pursuant to Pa.R.A.P.1925(b). Thereafter, the trial court drafted an opinion in support of its order denying injunctive relief, which we hold is interlocutory but appealable as of right under Pa.R.A.P. 311(a)(4) and *Wynnewood, supra.*

¶ 8 We now turn our attention to the issue alleging the trial court erred in finding there was a "mutual" mistake rather than a "unilateral" mistake of fact abrogating the sales agreement between Appellants and Appellees Betty K. Long and Nancy J. Vonada.

Mutual mistake will afford a basis for reforming a contract. Mutual mistake exists, however, only where "both parties to a contract [are] mistaken as to existing facts at the time of execution." Moreover, to obtain reformation of a contract because of mutual mistake, the moving party is required to show the existence of the mutual mistake by evidence that is clear, precise and convincing.

*Smith v. Thomas Jefferson University Hospital,* 424 Pa.Super. 41, 621 A.2d 1030, 1032 (1993) (citations omitted); *see also Ehrenzeller v. Chubb,* 171 Pa.Super. 460, 90 A.2d 286, 287 (1952).

¶ 9 Herein, Appellees have failed to evince a mistake on the part of Appellants, which conclusion of law is reasonable when viewed in the context of the "stipulation of facts," which state in relevant part:

13. [L]etter[s dated August 2002 were mailed to Appellants that] indicated that [Appellants] had a right of first refusal relative to purchase of the property deeded to [Appellees] from the[ir parents, the] late Clifford C. Vonada and Vera E. Vonada and requested that [Appellants] indicate their intent concerning exercise of the right within thirty (30) days.

14. The letters did not identify the prospective buyer of [Appellees'] property.

15. On or about August 13, 2002, [Appellants . . .] accept[ed . . . ] the offer to exercise a right of first refusal[ . . . . ]

16. On or about August 21, 2002, [Appellants] received a letter from [Appellees' attorney], indicating that the offer received by [Appellees] came from [Appellee] Jeff Long, son of [Appellee] Betty K. Long, and that the right of first refusal "would not come into play as [Appellee] Jeff Long is [Appellee] Betty Long's son."

17. [C]ounsel for the [Appellees] did not know that [Appellee] Jeff Long was [Appellee] Betty Long's son until informed of same after the letter of August 8, 2002 was sent to [Appellants].

18. Prior to receipt of the letter from [Appellees' counsel], dated August 7, 2002 [ . . .], [Appellants] had no knowledge from whom the offer was received, the amount of the offer, or any other circumstances surrounding same.

*See* "stipulation of facts," Record No. 13, at ¶¶ 13–18.

¶ 10 It is undisputed that Appellees were unaware of the identity of the prospective buyer, whose proposal to purchase the reality for $145,000.00 was accepted before offering Appellants the "right of first refusal." Once Appellees learned of the buyer's identity (Appellee Betty K. Long's son), this fact was communicated to Appellants in the belief that a rescission was in order. Appellants were uninformed of the buyer's familial bond with Appellee Betty K. Long prior to exercising their "right of first refusal." This fact is admitted by Appellants and accepted as true by Appellees. *See* "stipulation of facts," at ¶¶ 17 and 18.

■ ¶ 11 If there was a mistake being harbored by any of the parties to this litigation, we find it attributable to Appellees only, both of whom were aware of Jeff Long's existence and monetary proposal. These facts were admitted by Appellees. *See* Exhibits "B," "C," and "D" attached to "stipulation of facts," at ¶¶ 10–14; *Chubb,* 90 A.2d at 287 ("[I]t is clear that if mutual mistake was properly pleaded, the entry of summary judgment in plaintiff's favor was justified. But other allegations in plaintiff's complaint are inconsistent with his contention of mutual mistake of act and are equivalent to an admission that he is relying on a unilateral mistake of fact—his own."). The mistake by the defense was not knowing the buyer was the son of Appellee Betty K. Long, which if known by Appellants would have negated the "right of first refusal." *See* Exhibit "A" ("Deed") attached to Appellants' brief, at 17–19. This is not the case, however, because the mistake was "unilateral."

If a mistake is not mutual but unilateral and is not due to the fault of the party not mistaken, but to the negligence of the one who acted under the mistake, it affords no basis for relief in rescinding the contract[.]

*Smith,* 621 A.2d at 1032; *see also Chubb,* 90 A.2d at 287 ("[T]he misconception which avoids a contract is necessarily a mutual one, and of a fact which entered into the contemplation of both parties as a condition of their assent[.]").

¶ 12 Appellees believed, albeit mistakenly, Appellants were "first-in-line" to obtain proprietary interest in their 2.78 acres. Had Appellees made inquiry into the identity of the prospective buyer before offering the realty to Appellants, the present controversy could have been avoided. Nonetheless, we fail to detect how this nonfeasance by Appellees can be assigned to Appellants to create a "mutual" mistake invalidating the binding effect of the offer to purchase the reality in dispute.

¶ 13 What the "stipulation of facts" shows is clear and convincing enough to retain the integrity of the agreement between Appellants and Appellees. The parties were not suffering under a "mutual" mistake of fact, and the court's conclusion to the contrary was error. *See Patterson v. Reliance Insurance Companies,* 332 Pa.Super. 592, 481 A.2d 947 (1984); *see also Chubb, supra; Morningstar v. Department of Transportation,* 166 Pa. Cmwlth. 342, 646 A.2d 666 (1994). What mistake did occur was unilateral and not due to the fault of the party not mistaken. On the contrary, the error was attributable to the negligence of the party acting under the mistake, which underscores the integrity of the acceptance by Appellants, which bound the parties.[9] *Rusiski v. Pribonic,*

---

9. Enforcing the agreement between Appellants and Appellees does not do violence to but preserves the intention of the litigants' parents, the predecessors in title to the entire 116-acre tract, *i.e.,* "The purpose of this ["right of first refusal"] provision is to give the owners [Appellants] the right to purchase the homestead dwelling and the remaining

326 Pa.Super. 545, 474 A.2d 624, 627 (1984).

¶ 14 For the foregoing reasons, we reverse the order of the Court of Common Pleas and remand for entry of an order affirming the agreement between Appellants and Appellees.

¶ 15 Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

¶ 16 FORD ELLIOTT, J. files a Dissenting Statement.

FORD ELLIOTT, J., Dissenting.

¶ 1 I respectfully dissent. I cannot agree that the procedural posture of this case excuses the filing of post-trial motions pursuant to Pa.R.Civ.P. 227.1(c). The majority states that this matter was submitted to the court upon a case stated based. To the contrary, it would appear that the procedure below was a non-jury trial on stipulated facts. *See* Pa.R.Civ.P. 1038.2, 42 Pa.C.S.A. (abolishing common law procedure of case stated in favor of submitting a case on stipulated facts for a decision by a judge without a jury). As noted by the majority, a trial on stipulated facts

requires the filing of post-trial motions. *Penn v. Nationwide Ins. Co.,* 363 Pa.Super. 13, 525 A.2d 400 (1987).

¶ 2 Additionally, I do not believe that either our supreme court's decision in *Wynnewood Development, Inc. v. Bank and Trust Co. of Old York Road,* 551 Pa. 552, 711 A.2d 1003 (1998), or this court's decision in *O.D. Anderson, Inc. v. Cricks,* 815 A.2d 1063 (Pa.Super.2003), apply to the injunctive relief sought herein.

¶ 3 *Wynnewood* held that the dismissal of a portion of a complaint requesting the issuance of an injunction and specific performance was immediately appealable as an interlocutory appeal as of right pursuant to Pa.R.App.P. 311(a)(4):

**Injunctions.** An order granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except for injunctions pursuant to Sections 3323(f) and 3505(a) of the Divorce Code, 23 Pa.C.S. §§ 3323(f) and 3505(a). *A decree nisi granting or denying an injunction is not appealable as of right under this rule, unless the decree nisi (i) grants*

2.78 acres of land so that these [entire 116] parcels can be owned by the same persons." *See* Exhibit "A" ("Deed") attached to Brief of Appellants, at 19. This objective is being achieved here.

Nor do we find the letter accepting the Appellees' offer, penned by counsel for Appellants, contrary to the intention of the predecessors in title permitting only William, Bonnie and/or their children to exercise the right of first refusal. *See Id.* Toward this end, counsel for Appellants stated in an affidavit filed of record that: "3. [Appellants William C. Vonada and Bonnie L. Vonada] are co-partners, trading as [Appellant] Keystone View Farms, L.P. and own real estate adjacent to the [Appellees'] property[;] 4. Said adjacent property is titled in the partnership name, i.e., [Appellant] Keystone View Farms, L.P.[;] 5. [Appellants William C. Vonada and Bonnie L. Vonada] indicated a desire to ac-

cept the offer and to purchase the premises[; and ... 8. *Appellants' counsel's] intent[ ...] was to accept [Appellees' offer] on behalf of [Appellants William C. Vonada and Bonnie L. Vonada]* but assure that the property would end up in the name of the [Appellants'] limited partnership, i.e., [Appellant] Keystone View Farms, L.P." These averments coincide with the present title owner of the adjacent 113–acre parcel of land. *See* "Affidavit of Larry R. Coploff, Esquire," at ¶¶ 3—5 and 8 (dated April 30, 2003) (emphasis added).

A reading of counsel's affidavit discloses the driving force behind the acceptance of Appellees' offer was their brother and sister-in-law, known as Appellants William C. Vonada and Bonnie L. Vonada, respectively. Both were named acceptable purchasers by the predecessors in title upon Appellees' desire to relinquish their interest.

340 ■

*an injunction effective upon the entry of a decree nisi or (ii) dissolves a previously granted preliminary injunction effective upon the entry of a decree nisi.*

*Id.* (emphasis added).

¶ 4 Instantly, the action below was filed as a complaint in equity requesting the court to enjoin appellees from selling to anyone but appellants. This suit is nothing more than an action to enforce an agreement between the parties based on a right of first refusal. The trial court's *decree nisi* resolved the whole case on its merits finding the agreement between the parties unenforceable because it was based on mutual mistake. This type of a *decree nisi* is specifically precluded from interlocutory review by Pa.R.App.P. 311(a)(4). *See generally Smotkin v. Manhattan–Ward, Inc.,* 363 Pa.Super. 597, 526 A.2d 1223 (1987). Additionally, this action was not initiated pursuant to Pa.R.Civ.P. 1531 as addressed by this court in *O.D. Anderson, Inc. v. Cricks, supra.*

¶ 5 I would therefore dismiss the appeal for failure to file post-trial motions, thereby failing to preserve any issues for review.