J-A26019-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| STARR INDEMNITY & LIABILITY CO. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BROWNSVILLE MARINE PRODUCTS, LLC AND JAVIER SARDINA-GARCIA | : | No. 187 WDA 2019 |
| | : | |
| v. | : | |
| | : | |
| BENCHMARK INSURANCE COMPANY; SYNERGY COMP INSURANCE COMPANY; SYNERGY SELECT, LP; AND MK INDUSTRIES, INC. | : | |
| | : | |
| APPEAL OF: BENCHMARK INSURANCE COMPANY; SYNERGY COMP INSURANCE COMPANY; AND SYNERGY SELECT, LP | : | |

Appeal from the Order Entered January 7, 2019
In the Court of Common Pleas of Fayette County Civil Division at No(s):
381 of 2017 G.D.

BEFORE: SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY LAZARUS, J.: FILED DECEMBER 17, 2019

Benchmark Insurance Company (Benchmark), Synergy Comp Insurance

Company, and Synergy Select, LP (collectively, Additional Defendants) appeal

from the January 7, 2019 order, entered in the Court of Common Pleas of

Fayette County, instructing Benchmark to comply with the Honorable Linda R.

Cordaro's October 12, 2018 order and opinion denying Additional Defendants'

motion for judgment on the pleadings and directing Benchmark to defend Brownsville Marine Products, LLC (Brownsville). After careful review, we quash Additional Defendants' appeal.

The trial court set forth the factual basis underpinning this appeal as follows:

> The current action giving rise to the motion for judgment on the pleadings stems from an underlying action in tort.
>
> On September 6, 2016, Javier Sardinia-Garcia filed the underlying complaint in the Fayette Court of Common pleas. [] Sardinia-Garcia claims he was employed as a shipfitter by MK industries . . . and had been assigned by MK industries to perform work involved in construction of new barges at [Brownsville's] barge construction facility. MK Industries [] is a staffing employment company based in the State of Georgia, and also has an office and conducts business in Fayette County, Pennsylvania.
>
> On March 14, 2015, while working at Brownsville['s] facility, [] Sardinia-Garcia [averred he] was "carrying a large jack" when he "encountered an unguarded opening in the floor of the work site, requiring [him] to jump over the opening" to avoid falling into it. He [further averred he] landed on scrap metal and sustained injuries to his foot and ankle. [] Sardinia-Garcia alleged negligence against [Brownsville] and requested damages in excess of $50,000.
>
> After receiving the underlying complaint, [Brownsville] tendered it to Starr Indemnity [(Starr)], seeking that Starr defend and indemnify [Brownsville] against [] Sardinia-Garcia. [Brownsville] has a commercial marine liability policy with Starr[,] covering the period of March 4, 2015 to December 1, 2015.
>
> Upon receiving the underlying complaint, Starr [] advised [Brownsville] of Starr's initial intention to defend, subject to a reservation of rights[. A]fter reviewing the responses provided by Brownsville[,] Starr concluded it did not have a duty to defend or indemnify Brownsville[.] On February 24, 2017, Starr filed [a] complaint in an action for declaratory judgment, asking this court

to determine that it did not have a duty to defend or indemnify [Brownsville] based on their marine liability agreement.

On May 31, 2017, [Brownsville] filed a complaint to add Additional Defendants. These included Benchmark, Synergy Comp, Synergy Select, and MK Industries. Brownsville had an insurance policy with Benchmark and claim[ed] that Synergy Comp and Synergy Select are part of that agreement. MK Industries is the firm that allegedly hired Sardinia-Garcia.

On July 24, 2017, Starr filed its first motion for judgment on the pleadings. That motion was denied without prejudice on October 6, 2017, and the parties were directed to comply with a discovery order.

On March 14, 2018, after pleadings closed, Starr filed its renewed motion for judgment on the pleadings. [Judge Cordaro] heard oral argument for the motion on May 16, 2018. . . . Before [Starr's] renewed motion for judgment on the pleadings was decided, Additional Defendants [] filed a motion for judgment on the pleadings on May 9, 2018.

Trial Court Opinion, 10/12/18, at 2–4 (citations and quotations omitted) (capitalization adjusted).

In this action, Starr and Additional Defendants both sought declaratory judgments against Brownsville. Starr argued it was exempt from the duty to defend or indemnify Brownsville as its policy did not apply to bodily injury sustained by employees, and that, based on the language of the underlying complaint, Sardinia-Garcia was a Brownsville employee. Benchmark argued the opposite—that it was exempted from the duty to defend or indemnify Brownsville as its policy only applied to bodily injury sustained by employees, and that, based on the language of the underlying complaint, Sardinia-Garcia was not a Brownsville employee.

- 3 -

The court determined Sardinia-Garcia's status as an employee was a material question of fact, and that both Starr and Additional Defendants, as movants, failed to establish whether or not Sardinia-Garcia was a Brownsville employee for the purposes the duties to defend or indemnify. Consequently, on October 12, 2018, Judge Cardoro denied both motions and concluded that Starr and Benchmark had a duty to defend Brownsville against the underlying complaint filed by Sardinia-Garcia.

On November 9, 2018, Benchmark, on behalf of Additional Defendants, filed a motion for reconsideration asserting: 1) it was exempt from the duties to defend or indemnify as Sardinia-Garcia's complaint specifically alleged he was an employee of MK Industries; and 2) the court erroneously required Benchmark to prove Brownsville lacked coverage under Benchmark's policy. On November 30, 2018, Brownsville filed a brief in opposition to Additional Defendants' motion for reconsideration. Simultaneously, Brownsville filed a motion to compel Additional Defendants to provide a defense pursuant to the court's October 12, 2018 order.

On January 7, 2019, the court issued two orders, the first denying Additional Defendants' motion for reconsideration, and the second, directing Benchmark to provide Brownsville with a defense in the matter filed by Sardinia-Garcia. The order directing Benchmark to provide Brownsville with a defense reads as follows:

> AND NOW, this 7th day of January, 2019, in consideration of Brownsville['s] Motion to Compel filed on November 30, 2018, it

- 4 -

is hereby ORDERED and DIRECTED that the Motion is GRANTED in that Benchmark [] shall provide Brownsville [] with a full and immediate defense in the matter filed by [] Sardinia-Garcia in the Fayette County Court of Common Pleas[.]

This Order applies only to [] Benchmark[,] who was found to have a Duty to Defend Brownsville Marine by the Order and Opinion of this Court dated October 12, 2018[.]

Order Affirming Motion to Compel, 1/17/19, at 1–2.

On February 6, 2019, Additional Defendants[1] filed a notice of appeal, pursuant to Pa.R.A.P. 311(a)(4), from the court's January 7, 2019 order reproduced above. Both Additional Defendants and the court both complied with Pa.R.A.P. 1925.

Additional Defendants raise the following claims for our review:

1)      Whether, because [] Sardinia-Garcia does not allege in his complaint that he was an employee of Brownsville [] at the time of his supposed injury and there is no indication in said complaint that Brownsville [] controlled or had the right to control his work, the [trial] court erred in determining that the claims raised in [the underlying tort suit] triggered coverage under the workers compensation and employers liability policy issued by Benchmark [] to Brownsville[]?

2)      Whether in making its coverage determination the [trial] court:  a) erred in its interpretation of [] Sardinia-Garcia's complaint; b) misapplied established law; c) misinterpreted the Benchmark insurance policy; and d) improperly placed the burden of proof on Benchmark[]?

3)      Whether the [trial] court erred in granting Brownsville['s] request for injunctive relief in the form of a directive that Benchmark [] begin providing Brownsville [] with an immediate defense in the [underlying tort suit] because []

_____

[1] Starr did not appeal the trial court's decision.

> Sardinia-Garcia's claims do not potentially fall within the scope of the workers compensation and employers liability policy that Benchmark [] issued to Brownsville[]?

Brief of Appellant, at 3–4.

Preliminarily, we consider Brownsville's motion to quash Additional Defendants' appeal on the grounds that the order appealed is interlocutory. See Brief of Appellee, at 14–17; see also Kulp v. Hrivnak, 765 A.2d 796, 798 (Pa. Super. 2000) ("[S]ince we lack jurisdiction over an unappealable order[,] it is incumbent on us to determine . . . whether the appeal is taken from an appealable order."). Additional Defendants, in response, invoke Rule 311(a)(4), arguing the January 7, 2019 order from which they appeal is appealable as of right because it had the effect of granting injunctive relief.[2] See Reply Brief of Appellants, at 10.

_____

[2] Additional Defendants also contend they were precluded from appealing the court's October 12, 2018 order denying Benchmark's motion for judgment on the pleadings as it was not a final order. See Reply Brief of Appellee, at 1–9. As we find the order from which Additional Defendants chose to appeal is, in fact, not appealable, this is a moot point. Nonetheless, we direct Additional Defendants to the note appended to Pa.R.A.P. 341, which states, inter alia, as follows:

> Pa.R.A.P. 311(a)(8) provides for appeal as of right from an order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims or of all parties and, thus, is interlocutory[.]

> [T]he rescission of subparagraph (b)(2) [in 2015 changed] the basis for appealability of orders that do not end the case but grant or deny a declaratory judgment. See Nationwide Mut. Ins. Co. v. Wickett, 763 A.2d 813, 818 (Pa. 2000); Pa. Bankers Ass'n

"As a general rule, this Court has jurisdiction only over appeals taken from final orders." Angelicho v. Myers, 110 A.3d 1046, 1048–49 (Pa. Super. 2015). "[Rule] 311 carves out an exception to this general rule." Id. at 1049. Rule 311(a)(4) provides "[a]n appeal may be taken as of right . . . from . . . [a]n order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses an injunction[,]" with limited exceptions not presently at issue. Pa.R.A.P. 311(a)(4). Our Supreme Court stated, "the plain meaning of the words contained in Rule 311(a)(4) is that an order refusing a request for an injunction is an interlocutory order appealable as of right unless the order involves an injunction issued pursuant to two explicit provisions of the Divorce Code or the order is in the form of a decree nisi.[3]" Wynnewood Development, Inc. v. Bank and Trust Co. of Old York Road, 711 A.2d 1003, 1005 (Pa. 1998) (emphasis added).

_____

> v. Pa. Dep't. of Banking, 948 A.2d 790, 798 (Pa. 2008). The effect of the rescission is to eliminate waiver for failure to take an immediate appeal from such an order. A party aggrieved by an interlocutory order granting or denying a declaratory judgment, where the order satisfies the criteria for "finality" under Pennsylvania Bankers Association, may elect to proceed under Pa.R.A.P 311(a)(8) or wait until the end of the case and proceed under subparagraph (b)(1) of [Rule 341].

Pa.R.A.P. 341, Note.

[3] "A decree nisi is a 'provisional decree, which will be made absolute on motion unless cause be shown against it.'" Wynnewood Development, Inc. v. Bank and Trust Co. of Old York Road, 711 A.2d 1003, 1005 n.5 (Pa. 1998) (quoting Black's Law Dictionary (6th Ed.) at 411.). Rule 311(a)(4) "was

Additional Defendants argue the October 12, 2018 order "did not direct Benchmark to do anything . . . when it denied the motion for judgment on the pleadings" and that by ordering Benchmark to defend in its January 7, 2019 order, the court imposed "an injunction which was appealable as of right[.]" Reply Brief of Appellant, at 11.

These assertions are factually inaccurate and legally inapposite. Judge Cordaro's October 12, 2018 order expressly refers the parties "to this [c]ourt's accompanying opinion[.]" Order, 10/12/18, at 2. That opinion clearly states, "Benchmark . . . has a duty to defend Brownsville against the underlying complaint filed by . . . Sardinia-Garcia." Opinion, 10/12/18, at 20. Moreover, neither Additional Defendants nor Brownsville requested injunctive relief;[4] this alone is dispositive. See Brief in Support of Additional Defendants' Motion for Judgment on the Pleadings, 6/20/18, at 1, 5 (asserting "Benchmark does not have a duty to defend or indemnify Brownsville" in action to obtain declaratory judgment); see also Wynnewood Development, Inc., supra at 1005

_____

amended in 2009 to eliminate references to decrees nisi but maintain the same result." Thomas A. Robinson Family Limited Partnership v. Bioni, 178 A.3d 839, 846 (Pa. Super. 2017); see also Pa.R.A.P. 311, Note (explaining 2009 amendment).

[4] Declaratory relief is distinct from preliminary or permanent injunctions, forms of equitable relief with distinct requirements. See, e.g., WellsSpan Health v. Bayliss, 869 A.2d 990, 995 (Pa. Super. 2005) (outlining requirements for preliminary and permanent injunctions).

(requiring "order refusing a request for an injunction" to qualify as interlocutory appeal as of right under Rule 311(a)(4)).

What Additional Defendants deem an injunction is properly cognizable as the court exercising its inherent authority to enforce its own orders. See Davin v. Davin, 842 A.2d 469, 472 (Pa. Super. 2004) ("It is axiomatic that a court must have the power to enforce its own orders."). Additional Defendants cite to no authority in support of the proposition that Rule 311(a)(4) can be satisfied by anything other than an order resolving an injunction. See Reply Brief of Appellant, at 10–13. Consequently, they have raised claims from an unappealable order over which we lack jurisdiction. See Angelicho, supra at 1050 (quashing appeal for improperly invoking Rule 311).

Motion to quash granted.[5]

_____

[5] As we are without jurisdiction, we are unable to resolve Additional Defendants' claims. We, however, note for Additional Defendants the difference between an insurer's duty to defend and its duty to indemnify. The duty to defend arises where "a claim potentially may be one which is within the scope of [a] policy[.]" Cadwallader v. New Amsterdam Cas. Co., 152 A.2d 484, 488 (Pa. 1959); see also Selective Way Ins. Co. v. Hospitality Group Services, Inc. 119 A.3d 1035, 1046 (Pa. Super. 2015) ("The duty to defend persists until an insurer can limit the claims such that coverage is impossible.") (emphasis added). The duty to indemnify "arises only when the insured is determined to be liable for damages within the coverage of the policy." Selective Way Ins. Co., supra at 1046. The trial court determined Additional Defendants failed to show "any evidence that [] Sardinia-Garcia] was not an employee[.]" Trial Court Opinion, 10/12/18, at 18. This ruling merely underscores that coverage, under the instant circumstances, is not impossible. See Selective Way Ins. Co., supra at 1046.

Judge Shogan joins the Memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/17/2019