J-A12008-17

2017 PA Super 410

| THOMAS A. ROBINSON FAMILY LIMITED PARTNERSHIP, A PENNSYLVANIA LIMITED PARTNERSHIP, AND T.A. ROBINSON ASPHALT PAVING, INC., A PENNSYLVANIA CORPORATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| TED S. BIONI AND DOMINIC J. BIONI | |
| Appellants | No. 245 WDA 2016 |

Appeal from the Order Entered January 20, 2016
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2014-2027

BEFORE: OLSON, J., SOLANO, J., and RANSOM, J.

OPINION BY SOLANO, J.:                    FILED DECEMBER 27, 2017

Appellants Ted and Dominic Bioni appeal from an order granting permanent injunctive relief enforcing a prescriptive easement in favor of Appellees Thomas A. Robinson Family Limited Partnership and T.A. Robinson Asphalt Paving, Inc. ("the Robinsons"). After careful review, we deny the Robinsons' motion to quash the appeal for failure to file post-trial motions, affirm the order of the trial court enjoining conduct by the Bionis that interferes with the Robinsons' prescriptive easement, and vacate the order to the extent it enjoined conduct by the Bionis that interferes with a purported prescriptive easement owned by the public.

The Robinsons commenced this action by a complaint in equity that sought to enjoin the Bionis from interfering with their ability to enter their property from a public street (Federal Street) in Cecil Township, Washington

- 1 -

County. The Robinsons have operated an asphalt business since 1994, and store heavy equipment on their property. They also lease their property to other commercial businesses that store commercial vehicles on the property. Prior to their ownership and use of the property, it was owned by Angelo Brunetti, who used it for the storage and hauling of coal by-product materials. The Bionis own adjacent commercial property where they operate an excavating and hauling business.

The Robinsons access Federal Street by means of a strip of land (the "cartway"), a portion of which abuts the Bionis' property. The cartway, which is sometimes referenced in the record as the "Federal Street Extension," is privately owned by the Robinsons, and, according to the Robinsons' property deed, it was originally nine feet wide. However, the Robinsons require a larger width in order to accommodate their large vehicles and equipment. The paved portion of the cartway now varies in places from nine to fifteen feet in width, and a portion of the cartway next to the Bionis' property is fifteen feet wide. This width encroaches on the Bionis' property by approximately three feet.[1] The Robinsons contend that through years of continuous use by themselves and their predecessor (Brunetti), they acquired a prescriptive easement to use this additional width of the cartway. The Bionis disagree and do not recognize the Robinsons' right to use a fifteen-foot-wide right-of-way.

---

[1] The widened cartway also encroaches a few feet into the residential property on the opposite side of the cartway from the Bionis' property.

In 2014, the Bionis erected a steel post at the edge of their property, obstructing the Robinsons' use of the portion of the cartway that encroaches on the Bionis' property. The Robinsons moved for a preliminary injunction to have the post removed, and the trial court granted that relief by an order dated April 11, 2014, which reads in relevant part:

> AND NOW, this 11th day of April, 2014, upon consideration of plaintiff Thomas A. Robinson Family Limited Partnership's Motion for Preliminary Injunction, it is hereby ORDERED, ADJUDGED and DECREED that said motion is GRANTED, and a PRELIMINARY INJUNCTION is hereby entered, and defendant[s] Ted S. Bioni and Dominic J. Bioni and any other person or entity acting in active concert or participation with said defendant[s] are hereby ENJOINED from:
>
>> A) Taking any action which would interfere with or prohibit Robinson from accessing the Subject Property from Federal Street across a portion of Bionis' Property; and
>>
>> B) Taking any action that would interfere with or impede[] Robinson or its contractors, employees, and agents from accessing the Subject Property; and
>>
>> C) Bioni must remove the post that was installed on or about April 2, 2014, and is hereby prohibited from reinstalling any such barrier, post, or obstruction.

Order, 4/11/14, at 6.

The trial court held hearings on the Robinsons' request for a permanent injunction on November 14, 2014, and January 26, 2015, during which both sides offered testimony and exhibits. By an opinion and order dated January 15, 2016,[2] the trial court found in favor of the Robinsons and against the Bionis, holding that the Robinsons held a prescriptive easement over the disputed portion of the Bionis' property along the cartway for

_____
[2] The order was filed January 20, 2016.

access to the Robinsons' property. The court enjoined the Bionis from interfering with that access. The trial court's order reads:

> AND NOW, this 15th day of January, 2016, upon careful consideration of the evidence and testimony presented, and upon review of the briefs filed on behalf of Plaintiffs and Defendants, it is hereby ORDERED, ADJUDGED and DECREED that Plaintiffs' Motion for a Permanent Injunction is GRANTED, and Defendants are hereby PERMANENTLY ENJOINED from:
>
> A) Taking any action which would interfere with or prohibit Plaintiffs or the public from accessing the subject Property, ingress or egress, from Federal Street across a portion of Defendants' property;
>
> B) Installing or constructing any pole, marker or other obstacle which would impede or interfere with Plaintiffs' access, or its contractors, employees, agents, business invitees, tenants or the public to the subject Property.
>
> By way of further order, the trial court hereby ORDERS that the bond posted by Plaintiffs pursuant to the court's order of April 11, 2014 is hereby released; and
>
> The trial court awards court costs in favor of Plaintiffs and against Defendants.

Opinion and Order, 1/15/16, at 6. Significantly, unlike the preliminary injunction, the permanent injunction prohibited the Bionis from interfering with access to the disputed portion of the cartway not only by the Robinsons, but also by "the public." In its Conclusions of Law, the court held that the evidence not only proved that the Robinsons had acquired a prescriptive easement across the Bionis' property, but also that "the public and Cecil Township" had done the same. See id. at 5 (Legal Conclusions 1-2).

The Bionis did not seek post-trial relief pursuant to Rule 227.1 of the Rules of Civil Procedure. Rather, on February 16, 2016, they filed a direct

- 4 -

appeal to this Court in which they raise the following six issues:

> 1. Is a Trial Court Order granting a permanent injunction, which alters the status quo, immediately appealable as a matter of right pursuant to Pa.R.A.P. 311(4)?
>
> 2. Did the Trial Court Abuse its Discretion in making findings of fact which are not supported by substantial evidence of record?
>
> 3. Did the Trial Court abuse its discretion and/or err as a matter of law in concluding that the Robinsons demonstrated by "clear and positive proof" the existence of a prescriptive easement acquired in their favor over and across the Bionis' property based on the adverse, open, notorious, continuous and uninterrupted use by the Robinsons and their predecessors in title for over twenty-one years?
>
> 4. Did the Trial Court abuse its discretion and/or err as a matter of law in determining that the evidence adduced at trial demonstrated by "clear and positive proof" the existence of a prescriptive easement in favor of the public and Cecil Township over and across Defendant's property along "Federal Street Extension" based on the adverse, open, notorious, continuous and uninterrupted use by the public and the Township for over twenty-one years?
>
> 5. Did the Trial Court abuse its discretion and/or err as a matter of law in failing to identify the period of prescription, as well as the specific location and size of the alleged prescriptive easement?
>
> 6. Did the Trial Court abuse its discretion and/or err as a matter of law in determining the existence of a prescriptive easement where no evidence of record demonstrates that the Robinsons' predecessors in interest ever used the Bionis' property adversely and/or whether by words or action ever asserted a prescriptive easement claim over said property?

Bionis' Brief at 5-6 (suggested answers omitted).

On March 18, 2016, we issued an order requiring the Bionis to show cause why their appeal should not be dismissed for failure to file a post-trial motion pursuant to Rule 227.1. On March 21, 2016, the Robinsons filed a motion to quash the appeal based on the Bionis' failure to comply with Rule

227.1. See Mot. To Quash, 3/21/16. On April 6, 2016, we issued a per curiam order dismissing the appeal sua sponte, and dismissing the Robinsons' motion to quash as moot. On April 7, 2016, the Bionis filed an application for reconsideration of our April 6, 2016 order, in which they contended that they were not required to file a post-trial motion because they had filed an interlocutory appeal from an order granting an injunction pursuant to Rule 311(a)(4) of the Rules of Appellate Procedure. On April 27, 2016, we issued a per curiam order that granted reconsideration, vacated our April 6, 2016 order dismissing the appeal, discharged our March 16, 2016 order to show cause, and deferred the Robinsons' motion to quash to the Court's merits panel.

> Our standard of review over the order under appeal is as follows:
>
> The grant or denial of a permanent injunction is a question of law. Regarding the trial court's legal determination, our standard of review is de novo, and our scope of review is plenary. As in all equity matters, however, we must accept the trial court's factual findings and give them the weight of a jury verdict where they are supported by competent evidence.

Liberty Place Retail Associates, L.P. v. Israelite Sch. of Universal Practical Knowledge, 102 A.3d 501, 506 (Pa. Super. 2014) (citations omitted).

### Jurisdiction and Failure To File Post-Trial Motion
### (Bionis' Issue 1; Robinsons' Motion to Quash)

The referral to this panel of the Robinsons' motion to quash this appeal charges us with deciding whether the Bionis waived their appellate rights by failing to file a post-trial motion under Rule 227.1 of the Rules of Appellate Procedure. Our scope of review is plenary regarding this question of law.

See Chalkey v. Roush, 805 A.2d 491, 498 (Pa. 2002). The Bionis contend that they were not required to file a post-trial motion because the permanent injunction from which they appeal is interlocutory and Appellate Rule 311(a)(4) entitles them to appeal immediately from that injunction without complying with Rule 227.1. They present their theory of jurisdiction under Rule 311 as the first of their appellate issues. On this issue too, our review is plenary. See Robert Half Int'l, Inc. v. Marlton Techs., Inc., 902 A.2d 519, 524 (Pa. Super. 2006) (en banc).

Rule 227.1(c) provides: "Post-trial motions shall be filed within ten days after . . . the filing of the decision in the case of a trial without jury." Pa.R.Civ.P. 227.1(c)(2) (emphasis added). In Chalkey, the Supreme Court emphasized that this rule applies to equity cases. The Court explained that in 1984, it "adopted Rule 227.1 through 227.4 to establish uniform procedures for post-trial relief in actions at law and equity." Under the new scheme —

> a party must file post-trial motions at the conclusion of a trial in any type of action in order to preserve claims that the party wishes to raise on appeal. In other words, a trial court's order at the conclusion of a trial, whether the action is one at law or in equity, simply cannot become final for purposes of filing an appeal until the court decides any timely post-trial motions. See Pa.R.C.P. 227.1(a).
>
> . . .
>
> With this unequivocal rule, there is no danger that parties will be confused as to whether they should file post-trial motions or proceed directly to an appeal from an order entered by a trial court in an action in equity.

805 A.2d at 494-96 (emphasis in original).[3]

Under Rule 227.1, a party that has received a trial court's decision after a non-jury trial may move to have the trial court "direct the entry of judgment in favor of any party." Pa.R.Civ.P. 227.1(a)(2). In connection with that request, or in the alternative, it can seek to have the judgment changed or modified, or can ask for a new trial. See id. R. 227.1(a)(1)&(4), (e). In any event, it is the judgment resulting from that motion that will constitute the appealable "final order" in the case. Int'l Ass'n of Theatrical Stage Employees, Local Union No. 3 v. Mid-Atlantic Promotions, Inc., 856 A.2d 102, 104 n.2 (Pa. Super. 2004), appeal denied, 878 A.2d 864 (Pa. 2005). The losing party then will be able to appeal from that order under Rule 341 of the Rules of Appellate Procedure, which affords a right of appeal "from any final order of a . . . trial court." Pa.R.A.P. 341(a).[4] Because the Bionis failed to follow this course, the Robinsons contend that they forfeited their right to obtain appellate relief. In an opinion filed pursuant to Rule 1925(a) of the Rules of Appellate Procedure, the trial court agreed. See Trial

_____

[3] Although there have been some amendments since Chalkey was decided in 2002, the material provisions of Rule 227.1 have not significantly changed.

[4] Thus, the filing of a post-trial motion serves two critical functions in appellate practice. First, it preserves issues for appellate review, as "[g]rounds not specified [in a post-trial motion] are deemed waived." Pa.R.Civ.P. 227.1(b)(2); Diamond Reo Truck Co. v. Mid-Pacific Indus., Inc., 806 A.2d 423, 427-31 (Pa. Super. 2002). Second, it satisfies an essential procedural prerequisite to obtaining an appealable final judgment. Because post-trial motions must be filed within ten days after a decision in a non-jury trial, Pa.R.Civ.P. 227.1(c), the failure to meet this deadline will preclude entry of any final order and foreclose appellate review.

Ct. Op. at 7.

The Bionis' response is that Appellate Rule 311(a)(4) provided them with an alternate route to appellate review in this case. Rule 311 is entitled, "Interlocutory Appeals as of Right." Rule 311(a)(4) states:

(a) General Rule. An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

. . .

(4) Injunctions.––An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered:

(i) Pursuant to 23 Pa.C.S. §§ 3323(f), 3505(a) [sections of the Divorce Code]; or

(ii) After a trial but before entry of the final order. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

Pa.R.A.P. 311(a)(4). According to the Bionis, the permanent injunction issued by the trial court falls under Rule 311(a)(4)(ii) because it was effective before a final judgment was entered (that is, while it was interlocutory) and it changed the status quo that existed under the preliminary injunction by making the easement rights over the Bionis' property extend to the general public. Bionis' Brief at 26-27. Therefore, according to the Bionis, they were entitled to appeal immediately from the interlocutory permanent injunction, without any need to file a post-trial

motion first.[5] After careful consideration, we agree.

Rule 311(a)(4) was originally designed to permit immediate appeals from preliminary injunctions. See G.R. Darlington, et al., PENNSYLVANIA APPELLATE PRACTICE § 311:45, at 579-81 (2016) ("The Rule traditionally has been interpreted to apply to preliminary injunctions [and] is based on statutes and decisional law that pertain to the granting, continuing, modifying, refusing or dissolving of preliminary injunctions" (footnotes omitted)). In Wynnewood Development, Inc. v. Bank and Trust Co. of Old York Road, 711 A.2d 1003, 1005 (Pa. 1998), the Supreme Court held that the rule also applies to an order dismissing a request for equitable relief that was not otherwise appealable as a final order because other claims for damages remained undecided.[6] The Court explained:

> [T]he plain meaning of the words contained in Rule 311(a)(4) is that an order refusing a request for an injunction is an interlocutory order appealable as of right unless the order involves an injunction issued pursuant to two explicit provisions of the Divorce Code or the order is in the form of a decree nisi. Here, the denial of Wynnewood's prayer for injunctive relief was neither made under the Divorce Code nor entered as a decree nisi. Thus, Rule 311(a)(4) mandates a finding that the trial court's order granting Old York Road's motion for summary judgment and dismissing Wynnewood's prayer for injunctive relief and specific performance was an interlocutory order appealable as of right.

_____

[5] See Pa.R.A.P. 311, Note ("If an order falls under Pa.R.A.P. 311, an immediate appeal may be taken as of right simply by filing a notice of appeal. The procedures set forth in Pa.R.A.P. 341(c) and 1311 [(Interlocutory Appeals by Permission)] do not apply to an appeal under Pa.R.A.P. 311." (emphasis added)).

[6] Under Appellate Rule 341(b)(1), unless an order disposes of all claims against all parties, it is not a final order for purposes of an appeal under that rule.

Id. (footnotes omitted).[7] Following Wynnewood, in Nevyas v. Morgan, 921 A.2d 8 (Pa. Super. 2007), we held that a party could invoke Rule 311(a)(4) to appeal from a final injunction entered in a case in which claims for damages remained pending. We explained that because the unresolved damages claims prevented the injunction from being a final order under Appellate Rule 341, the injunction was interlocutory and appealable under Rule 311. Id. at 12-13; accord Altoona Reg'l Health Sys. v. Schutt, 100 A.3d 260, 264-65 (Pa. Super. 2014) (appeal of final injunction proper under Rule 311(a)(4) although counterclaim remained undecided).  In addition, and particularly relevant here, we held that in this situation, a post-trial motion need not be filed, stating, "it is improper to file a motion for post-trial relief when appealing pursuant to Rule 311."  Nevyas, 921 A.2d at 13.

The injunction at issue here is a permanent injunction, not a preliminary one. And unlike the permanent injunction at issue in Nevyas, this final injunction was not issued in a case that is interlocutory because non-equitable claims remained undecided. The permanent injunction entered by the trial court resolved all of the claims presented by the Robinsons against the Bionis, and there are no other claims against any parties that

_____

[7] A decree nisi was a provisional decree that would be made absolute on motion (the equivalent to an injunctive decree under the current rule when a post-trial motion has not yet been filed). After the Wynnewood decision, rules changes in 2003 did away with decrees nisi, and Rule 311(a)(4) was amended in 2009 to reflect that change by removing that term from Rule 311(a)(4). Pa.R.A.P. 311, Note. As discussed in the text, the provisions of Rule 311(a)(4)(ii) now deal with the concerns addressed by the prior rules regarding decrees nisi.

remain to be resolved. This case therefore does not fall under our past precedents. The only reason the Bionis can claim that the permanent injunction at issue here is an interlocutory order under Rule 311 is that they did not do what is necessary to make it a final order — that is, they did not file a Rule 227.1(a) motion that would result in entry of a final judgment on the permanent injunction.

Rule 311(a)(4)(ii) deals with this situation by stating that a permanent injunction like this one normally is not appealable under that rule. It says, "An appeal may be taken as of right . . . from . . . [a]n order that grants . . . an injunction unless the order was entered . . . [a]fter a trial but before entry of the final order." Pa.R.A.P. 311(a)(4)(ii) (emphasis added). The original version of this provision was added to Rule 311 in 1996 to overrule caselaw that had interpreted Rule 311 to permit immediate appeals from provisional injunctive decrees (decrees nisi) without having them reduced to judgment.[8] It was amended in 2009 to eliminate references to "decrees nisi" but maintain the same result. See Pa.R.A.P. 311, Note (explaining 2009 amendment and stating, "Because decrees nisi were in general not appealable to the extent they were not effective immediately upon entry,

_____

[8] The original language of this provision stated, "A decree nisi granting or denying an injunction is not appealable as of right under this rule . . . ." 26 Pa. Bull. 1985 (Apr. 27, 1996). In promulgating the amendment, the Supreme Court explained in an Official Note: "The 1996 amendment to paragraph (a)(4) reconciled two conflicting lines of cases by adopting the position that generally an appeal may not be taken from a decree nisi granting or denying a permanent injunction. . . . To the extent that [five listed decisions] permit an immediate appeal from a decree nisi granting or denying prospective injunctive relief, they are overruled." Id. at 1986.

this principle has been expressly incorporated into the body of the rule as applicable to any injunction"). The rule thus prevents use of Rule 311 as a backdoor means of bypassing the post-trial motion and final judgment requirements applicable to most appeals.

But Rule 311(a)(4)(ii) contains an exception:

Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

Under this provision, an appeal may be taken from an order that (because a final judgment has not yet been entered) is not otherwise appealable under Rule 311(a)(4)(ii) if (1) the order enjoins conduct previously allowed or allows conduct previously prohibited, and (2) the injunction takes effect before entry of a final judgment. We have found no controlling caselaw applying this exception,[9] but its clear purpose is to permit an immediate

_____

[9] A similar, but slightly different, version of the exception was added to Rule 311 at the time of the 1996 amendments. It stated that there could be no appeal from a decree nisi "unless the decree nisi (i) grants an injunction effective upon the entry of a decree nisi or (ii) dissolves a previously granted preliminary injunction effective upon the entry of a decree nisi." 26 Pa. Bull. at 1985. According to the Supreme Court's 1996 Official Note, "[I]f the decree nisi grants or denies permanent injunctive relief to become effective when the decree nisi is made final, no appeal is possible. If, however, the decree nisi provides for permanent injunctive relief upon entry of the decree nisi, or strikes a previously granted preliminary injunction upon entry of the decree nisi, the decree nisi is appealable pursuant to phrase (a)(4)(i) or (ii)." Id. at 1986. In Vonada v. Long, 852 A.2d 331, 336 n.8 (Pa. Super. 2004), we stated in dicta that the 1996 exception would apply to a decree nisi that "had the immediate effect of changing the status quo." We held, however, that the injunction entered in that case was not a decree nisi because its language was immediately effective, see id. at 336 & n.7, and a post-trial motion was not required because the injunction was entered in a non-evidentiary proceeding, rather than a trial, see id. at 332 & n.2, 336-37.
(Footnote Continued Next Page)

appeal if an immediately-effective permanent injunction makes such a change to the status quo that the aggrieved party needs quick appellate recourse without incurring delays from post-trial proceedings in the trial court.[10] The exception is designed to provide the putative appellant with the option[11] to file for immediate review of a "new" injunction entered after trial, notwithstanding that final judgment has not been entered.

The permanent injunction entered by the trial court fits within this exception. The order states that on "this 15th day of January, 2016, . . . it is hereby ORDERED, ADJUDGED and DECREED that . . . Defendants are hereby PERMANENTLY ENJOINED from" taking any of the specified actions in the decree. The order thus takes immediate effect, and is not contingent upon entry of a final judgment. And the terms of the injunction are different from those under the trial court's preliminary injunction, in that it enjoins the Bionis from interfering with access by the public (not just the Robinsons or

_____

(Footnote Continued) ————————————————
Although we characterized the Vonada injunction as "interlocutory but appealable as of right under Pa. R.A.P. 311(a)(4)," id. at 337, we also said the court entered a "final decree," id. at 336 n.7, and did not explain why Rule 341 therefore would not apply.

[10] Other rules similarly permit bypass of time-consuming post-trial procedures in exigent circumstances requiring speedy appellate action. See, e.g., Pa.R.Civ.P. 1531(f)(2) (making Rule 227.1 inapplicable to injunction actions involving freedom of expression). One of the cases cited by the Bionis, O.D. Anderson, Inc. v. Cricks, 815 A.2d 1063, 1067 (Pa. Super. 2003), applied Rule 1531(f)(2), but that rule is not at issue here.

[11] Filing an immediate appeal from an injunction under Rule 311(a)(4) is not mandatory, and an appellant may elect instead to engage in normal post-trial procedures and then appeal from a final judgment. See Pa.R.A.P. 311(g). An appellant might wish to follow that course if the grounds for appeal include matters that would call for exercise of discretion by the trial court, such as ordering a new trial based on the weight of the evidence.

their business affiliates) to the disputed portion of their property. It thus changes the status quo by prohibiting conduct by the Bionis that previously was not enjoined. For these reasons, the permanent injunction qualifies as an interlocutory order immediately appealable as of right pursuant to Rule 311(a)(4)(ii). As such, it was appealable by filing a notice of appeal, without the need for post-trial motions under Rule 227.1. Pa.R.A.P. 311, Note ("If an order falls under Pa.R.A.P. 311, an immediate appeal may be taken as of right simply by filing a notice of appeal"); Nevyas, 921 A.2d at 13 ("it is improper to file a motion for post-trial relief when appealing pursuant to Rule 311").

Accordingly, we hold that the Bionis' appeal is properly before us and that they did not waive their appellate rights by failing to file a motion under Rule 227.1.

### Propriety of the Trial Court's Factual Findings
(Bionis' Issue 2)

The Bionis argue that several of the trial court's findings were not supported by the record. See Bionis' Brief at 27-37. However, several of the factual findings of which the Bionis complain have no bearing on the conclusion in the case, and therefore we decline to review them.[12]

_____

[12] For example, the Bionis take issue with the trial court's categorization of the cartway as the "Federal Street Extension," and the Robinsons' property as "on" Federal Street, rather than 110 feet north of the terminus of Federal Street (although the Bionis admit that the Robinsons' private cartway terminates on Federal Street). These statements by the court have no significant bearing on the case. The Bionis also complain of the trial court's findings that there is no other reasonable means of ingress and egress to the property except by the cartway to Federal Street, and that the previous
(Footnote Continued Next Page)

The Bionis take issue with the court's findings that the cartway is 15-feet wide. This finding is supported by the evidence of record. The registered land surveyor presented by the Robinsons, Dennis Dull, testified that the paved portion of the cartway that abuts the Bionis' property was fifteen feet wide in 2014. See N.T. at 65. Thomas Robinson also testified that the cartway was between 12 and 15 feet in width. Id. at 23. The court was free to accept this testimony, and to reject any testimony to the contrary.

The Bionis also complain about findings that the previous owner of the Robinson property, Angelo Brunetti, used large tri-axle dump trucks on the cartway from 1979 until 1994. They note that Brunetti testified that during the last two years of his ownership, the only company to access his property (JonRobin Coal) used an entrance other than the cartway. However, those last two years do not defeat the trial court's factual finding that Brunetti's use of the cartway was "continuous and uninterrupted," for, as the trial court stated,

> In establishing a prescriptive easement, constant use need not be demonstrated in order to establish the continuity of the use. Rather, continuity is established if the evidence shows a settled course of conduct indicating an attitude of mind on the part of the user or users that the use is the exercise of a property right.

(Footnote Continued) —————————————————
owner of the Robinsons' property, Angelo Brunetti, also accessed the property solely through use of the cartway. These findings by the trial court are irrelevant. The relief requested by the Robinsons and granted by the court was restricted to an easement by prescription, and not an easement by necessity. Whether there were other means of access to the property was therefore not an element of the action and not before the court. See Boyd v. Teeple, 331 A.2d 433, 434 (Pa. 1975).

- 16 -

See Trial Ct. Op. at 10 (quoting Newell Rod & Gun Club, Inc. v. Bauer, 597 A.2d 667, 670 (Pa. Super. 1991) (quotation marks and citations omitted)).[13] Here, Mr. Brunetti testified to a course of conduct during his ownership of the property that established his attitude toward use of a fifteen-foot-wide cartway, and the trial court credited his testimony over the contradictory testimony presented by the Bionis.

We agree with the Bionis that, depending on how it is interpreted, the trial court's finding that the Bionis "admitted that the access to the [p]roperty in question has remain[ed] unchanged [since 1980]" may be inconsistent with details in the record. Ted Bioni testified that there was a change in 1997, when the Robinsons moved their gate to align with the cartway,[14] at which point they began to use larger vehicles and more frequently encroached on the Bionis' territory. See N.T. at 124-25, 143-44. However, throughout the period since 1980, access to the property via the cartway has generally remained the same, and we do not agree that relocation of the gate has any significant bearing on the resolution of the case.

_____

[13] Newell also states that use establishing a prescriptive easement need not be "actual," nor "exclusive and distinct." 597 A.2d at 670.

[14] Previously, accessing the Robinsons' property via Federal Street involved travelling down the cartway, taking a sharp right turn at the fence at the end of the cartway, and then taking a sharp left turn into the property through a gate. Now the gate is aligned with the cartway, and no sharp turns need be made to enter the property from the cartway.

Holding That Robinsons Have a Prescriptive Easement
(Bionis' Issues 3, 5, and 6)

The trial court held that the Robinsons own a prescriptive easement on the disputed portion of the Bionis' property. "A prescriptive easement is created by (1) adverse, (2) open, (3) notorious, (4) continuous and uninterrupted use for a period of twenty-one (21) years." Vill. of Four Seasons Ass'n, Inc. v. Elk Mountain Ski Resort, Inc., 103 A.3d 814, 822 (Pa. Super. 2014), appeal denied, 125 A.3d 778 (Pa. 2015). The Bionis contend that the Robinsons failed to satisfy each element necessary for proof of a prescriptive easement because they failed to establish the extent to which the cartway encroached on their property for 21 years. Because the Robinsons owned their property for only 20 years when they filed this lawsuit, the Bionis contend that the Robinsons can prove the easement only if they can show adverse use of the disputed parcel by Mr. Brunetti before the Robinson's began their own use. The Bionis complain that Mr. Brunetti never testified that his use of the cartway had encroached upon the Bionis' property, and that the court could not infer the used width of the cartway during that time by the size of the vehicles accessing Mr. Brunetti's property because Mr. Brunetti never testified as to the width of those vehicles. See Bionis' Brief at 39-41, 45-48.

The Bionis rely on Hash v. Sofinowski, 487 A.2d 32 (Pa. Super. 1985), which states, "the scope of such an easement must necessarily be a function of the continued, adverse use by which it was generated and is thus limited to [the use] of the prescriptive period." Id. at 34. In that case, the

continuous use (since 1924) of a road for the transportation of agricultural equipment had created a prescriptive easement. However, we held that testimony that modern farm equipment was eighteen feet wide was an insufficient basis on which to establish that the easement had a width of eighteen feet during the prescriptive period. This Court acknowledged the principal that the use of a prescriptive easement, once established, may reasonably increase according to normal evolution; however, we distinguished an increase in the degree of use of an easement (that is, the frequency and number of motor vehicles traversing it) from an increase in the size of the easement from that which had been established during the prescriptive period. We held that "the width of a prescriptive easement must be established by the extent of actual use during the prescriptive period" and remanded to the trial court to make a factual determination as to the width of the easement during the 21-years at issue.

> Here, the trial court held that the Robinsons —
>
> established that for over 21 years, the property was used by industrial equipment, vehicles and tri-axles trucks which, due to their width, required encroachment onto [the Bionis'] property along the edge of the roadway, thus giving rise to the prescriptive easement. Unlike the scenario of Hash, there was no change in the nature of the use of the easement or the nature or width of the vehicles and equipment used during the prescriptive period of over 21 years. This case did require a comparison of the current use of the easement to that by which the prescriptive easement was created. It was the current and historic use of additional width of the roadway along [the Bionis'] property for over 21 years which established the prescriptive easement.

Trial Ct. Op. at 12.

- 19 -

We conclude that the trial court did not violate our holding in Hash. In Hash, the trial court failed to establish the width of the easement during the prescriptive period, and was operating under the mistaken belief that the width of the easement could have evolved within the prescriptive period itself. Here, the trial court did not determine the width based only on recent use coming towards the end of, or after, the conclusion of the prescriptive period. Instead, the court made a factual finding as to the width of the cartway over the duration of the entire period. Although Mr. Brunetti did not testify as to the width of the cartway between 1979 and 1994,[15] the use of the roadway by Mr. Brunetti's business associates corresponded to the use by the Robinsons,[16] and this evidence therefore does not contradict the trial court's factual finding that the easement was fifteen feet wide during the entire prescriptive period. The trial court therefore did not err in granting an easement of that size to the Robinsons.

_____

[15] In fact, Mr. Brunetti testified that he himself did not drive trucks, and did not know the width of the cartway. See N.T. at 52-53.

[16] Thomas Robinson testified that he has continually used the cartway over the Bionis' property to provide access for "large construction equipment, dozers, graders, excavators, backhoes, . . . dump trucks, pickup trucks, [and] trailers." N.T. at 10, 24. Similarly, Angelo Brunetti testified that, between 1979 and sale of the property to Robinson, he used the cartway for "[b]ulldozers, rubber tires, tri axle [trucks], pickup trucks, [and] one ton[ trucks]." Id. at 50, 52. Donald Genuso, the Township Supervisor, testified that over the past 18 years he has known the cartway to be used by "tri-axle trucks, pickup trucks, . . . what they call lowboys, which would have maybe an asphalt paver and a roller on them . . . [and] tractor trailer[s]." Id. at 100.

**Holding That the Public Has a Prescriptive Easement**
(Bionis' Issue 4)

Finally, we address the trial court's holding that not only the Robinsons have a prescriptive easement in the disputed property, but that Cecil Township and the public also have such an easement. See generally Southeastern Pennsylvania Transp. Auth. v. Pennsylvania Pub. Util. Comm'n, 505 A.2d 1046, 1049 (Pa. Cmwlth. 1986) (discussing the requirements for establishment of a public prescriptive easement).

The Robinsons never sought a holding that there is a public easement. See Amended Complaint, 8/4/14. And neither the township nor any other public body ever intervened in the case to make a claim that such an easement exists. In fact, the Township Supervisor (who had previously been the Public Works Director), Donald Genuso, testified that although the Township had milled, paved, and partially curbed the cartway at least twice in the ten years prior to trial, see N.T. at 96-99, 104-05, the cartway is considered by Cecil Township to be private property. See id. at 109-110. In addition, our review of the record reveals a dearth of facts in support of a prescriptive public easement. There was little testimony regarding who used the cartway other than the parties to this dispute and the neighboring property owners. See Southeastern Pennsylvania Transp. Auth., 505 A.2d at 1049 (noting that "public use" supporting a public prescriptive easement is not supported by the occasional trespass, and that such use must be "by the public in general, as against a limited segment of the public").

While "[a]n equity court may . . . grant broader relief than that specifically requested when there is a prayer for general relief[,]. . . that relief must be consistent with and agreeable to the case pleaded and proven." Karpieniak v. Lowe, 747 A.2d 928, 931 (Pa. Super. 2000) (citations omitted) (vacating decree granting easement "when no such relief was requested either in the complaint or at trial and no easement was included in the court's original decree"). No claim to a public prescriptive easement was made in this case. Nor have the Robinsons opted on appeal to argue in defense of a public easement or the trial court's authority to grant one. We therefore vacate the portion of the injunction which grants the general public the right to traverse the Bionis' property.

We affirm the order of the trial court as it relates to the Robinsons and vacate the portion of the trial court's order granting rights to the general public.

Motion to quash denied. Order affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2017