J-A17040-24

2024 PA Super 246

JEAN DOVIN

           Appellant

        v.

HONEY BROOK GOLF CLUB L.P.

: IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
:
:
:
:
:
: No. 2078 EDA 2023

Appeal from the Order Entered July 11, 2023
In the Court of Common Pleas of Chester County Civil Division at No(s):
2021-00471-RC

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

OPINION BY NICHOLS, J.:                    **FILED OCTOBER 28, 2024**

Appellant Jean Dovin appeals from the trial court's order denying her request for a permanent injunction. Appellant argues that the trial court erred by concluding that she was not entitled to an injunction because she has an adequate remedy at law. We vacate and remand for further proceedings.[1]

The trial court explained the factual background as follows:

Plaintiffs [Paul Dovin[2] and Jean Dovin] purchased [a] 29.2 acre

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that Appellant filed a separate appeal from the judgment entered in this matter on December 7, 2023. This Court docketed that appeal at 249 EDA 2024. That appeal is pending before a separate panel of this Court and will be addressed in a separate disposition.

[2] Paul Dovin passed away on January 8, 2022, while this litigation was pending. **See** Trial Ct. Order, 2/3/23, at 1 n.1; Appellant's Pet. for Prelim. Inj., 6/11/22, at 1. Appellant did not file a notice of death or a substitution
*(Footnote Continued Next Page)*

property prior to the creation of [Appellee's] golf course. . .

The record clearly establishes that [Appellee's] golf course opened for operation in the year 2000 and that [Appellant has] been complaining of golf balls trespassing and creating a nuisance on [her] property since 2001-2002. . . .

\* \* \*

It is conceded by [Appellee] that golfers playing hole number four (4) errantly strike golf balls onto [Appellant's] . . . property. [Appellee] took steps to estimate the number of trespasses of golf balls in the year 2009 and again in 2021. The result of [Appellee's] 2021 observed calculations was that between one and three golf balls per day trespass onto [Appellant's] property from golfers playing hole number four. The golf course is generally in operation from April through December. [Appellee] agrees that a fair calculation during 271 operational golf days during the golfing year would generate approximately 542 golf balls trespassing onto [Appellant's] property per year. . . . [O]nly two holes operational on the golf course that could reasonably deposit golf balls on the [Appellant's] property were holes four (dog leg right where errant shots are to the right on that hole would wind up in [Appellant's] property) and hole six (wherein a golf shot hit over the green on that hole could wind up in [Appellant's] property). These are the only two (2) holes about which [Appellant] object[s].

Trial Ct. Order, 2/3/23, at 1-2 n.3.

The trial court further explained that "[d]espite [Appellee] being aware of [Appellant's] continuing concerns and complaints since approximately

_____

of the estate of Paul Dovin as a party pursuant to Pa.R.C.P. 2352 and 2355. **See** Trial Ct. Order, 2/3/23, at 1 n.1. On the first day of the jury trial, Appellant's counsel explained that an estate had not been raised for Paul Dovin, and that Jean Dovin was proceeding as the sole plaintiff. **See** N.T. Jury Trial, 6/12/23, at 2; **see also Johnson v. Johnson**, 908 A.2d 290, 295 (Pa. Super. 2006) (explaining that when spouses own a property as tenants-by-the-entireties and "one spouse dies, the surviving spouse takes no new estate; rather, the only change is in the properties of the legal entity holding the estate." (citation omitted)). Therefore, for simplicity, we will refer to Appellant in the singular throughout.

2001, it has taken no actual golf course remedial action. Finally in 2019, [Appellant] commenced litigation that was eventually withdrawn in an attempt to start meaningful negotiations and resolving [Appellant's] concerns." ***Id.*** at 2 n.4.

On January 21, 2021 Appellant initiated the instant action against Appellee by filing a writ of summons. Appellant subsequently filed a complaint on October 29, 2021. Therein, Appellant raised three claims: permanent injunction, continuing private nuisance, and continuing trespass.

Appellant filed a petition for a preliminary injunction on June 11, 2022. Specifically, Appellant requested that the trial court enjoin Appellee from operating the second, third, fourth, and sixth holes of its golf course until further notice of the trial court. Appellant's Pet. for Prelim. Inj., 6/11/22, at 4. Following a hearing, the trial court entered an order on February 3, 2023, which provides as follows:

> AND NOW this 3rd day of February, 2023, upon consideration of [Appellant's] petition for preliminary injunction pursuant to Pa.R.C.P. 1531, and all responses thereto, and after conducting oral argument, it is hereby ORDERED and DECREED that a preliminary injunction is issued in favor of [Appellant] and against [Appellee] which requires that [Appellee] cease use of hole number four (4) until it takes measures to prevent golf balls from entering [Appellant's] property. [Appellee] has sixty (60) days from the entry of this order to effect these measures. [Appellant] shall post a bond in the amount of $1,000 within fifteen (15) days of the entry of this order or this injunction shall automatically dissolve.

Trial Ct. Order, 2/3/23, at 1-2 (footnotes omitted and some formatting altered).

- 3 -

Appellant timely posted the required bond. Subsequently, Appellee moved to dissolve the preliminary injunction. The trial court denied Appellee's motion to dissolve the preliminary injunction on May 25, 2023, and noted:

> The court's order of February 3, 2023[,] required that, within sixty (60) days of the entry of that order, [Appellee] take measures to prevent golf balls from entering [Appellant's] property. If [Appellee] believes that it has taken adequate measures to do so, it may use hole number 4 as long as golf balls are prevented from entering [Appellant's] property. Failure to take action sufficient to achieve those measures may result in a finding of contempt, additional sanctions[,] or permanent closure of hole number 4. The issuance of a final injunction will be addressed during trial which is scheduled to commence on June 12, 2023[,] before the undersigned.

Trial Ct. Order, 5/25/23, at 1 n.2 (some formatting altered).

The trial court bifurcated Appellant's claims, and a jury trial on Appellant's nuisance and trespass claims began on June 12, 2023. On June 14, 2023, the jury returned a verdict in Appellant's favor on her claims of nuisance and trespass and awarded Appellant $156,500 in compensatory damages for the diminution in value of her property and $110,000 in punitive damages. Later that day, the trial court proceeded with the non-jury portion of the trial on Appellant's request for a permanent injunction.

At the non-jury trial, Appellant presented the testimony of Appellant's daughter, Deborah Dovin, who holds power of attorney for Appellant. N.T. Non-Jury Trial, 6/14/23, at 10. She testified that after the trial court issued the preliminary injunction on February 3, 2023, new golf balls continued to appear on Appellant's property, which she documented. *Id.* at 12-16.

- 4 -

Appellee presented the testimony of Theodore W. Piersol, Appellee's superintendent in charge of the grounds. *Id.* at 39. Mr. Piersol testified regarding remedial measures that Appellee had taken concerning hole number four to prevent golf balls from entering Appellant's property. *Id.* at 39-42. Appellee sought to introduce several exhibits regarding these remedial measures and Appellant's counsel objected, asserting that Appellee had not previously disclosed these exhibits. *Id.* at 59-62, 64-68. The trial court offered to continue the non-jury trial, but Appellant's counsel requested that the trial proceed. *Id.* at 73. Appellant then objected to another of Appellee's exhibits as hearsay. *Id.* at 76-77. The trial court then continued the non-jury trial for thirty days. *Id.* at 79. At that time, Appellee had not completed its direct examination of Mr. Piersol, and Appellant had not cross-examined him.

On July 5, 2023, Appellee filed a motion to reconvene the non-jury trial. However, on July 11, 2023, the trial court entered an order denying Appellant's request for a permanent injunction. The following day, the trial court denied Appellee's motion to reconvene.[3] Appellant filed a timely post-trial motion. Therein, Appellant argued that the trial court erred by admitting Appellee's exhibits at the non-jury trial, by denying Appellant's request for a permanent injunction before the non-jury trial had concluded, by denying

_____

[3] That same day the trial court also denied Appellant's pending motion to hold Appellee in contempt of the February 3, 2023 preliminary injunction.

- 5 -

Appellant's motion for contempt, and by denying Appellant's claim for a permanent injunction. Appellant's Post-Trial Mot., 7/21/23, at 3-8.

However, before the trial court could rule on Appellant's post-trial motion, Appellant filed a notice of appeal on August 9, 2023. The trial court did not order Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed a Rule 1925(a) opinion concluding that the appeal is interlocutory and also asked for this appeal to be quashed because Appellant waived all of her issues on appeal. *See* Trial Ct. Op., 8/17/23, at 1-3.

Appellant raises a single issue for our review:

> Did the trial court err as a matter of law in denying [Appellant's] request for a permanent injunction based on its finding that [Appellant] has an adequate remedy at law?

Appellant's Brief at 5 (formatting altered).

## Jurisdiction

Before we address the merits of Appellant's claim, we first address Appellee's request to quash this appeal because the appealability of an order implicates this Court's jurisdiction. *See Knopick v. Boyle*, 189 A.3d 432, 436 (Pa. Super. 2018).

Appellee argues that the trial court's July 11, 2023 order is not appealable, either as a final order or as an interlocutory order appealable as of right. Appellee's Brief at 12-20. Appellee contends that the order is not a final order because it did not dispose of all claims in this case. *Id.* at 12; *see*

*also* Trial Ct. Op., 8/17/23, at 1 (explaining that "the instant appeal is not cognizable. Rather, the instant appeal is interlocutory and clearly procedurally improper[]" because the appeal was not taken from a final judgment). Appellee claims that Appellant's filing of a post-trial motion indicates that the July 11, 2023 order was not a final order nor an order that is immediately appealable pursuant to Rule of 311. Appellee's Brief at 13, 16 (explaining that "it is improper to file a motion for post-trial relief when appealing pursuant to Rule 311" (citations omitted)).

Appellee also argues that the July 11, 2023 order is not appealable under Rule 311(a)(4)(ii) because it did not alter the status quo. *Id.* at 17-20. Specifically, Appellee explains that the trial court's May 25, 2023 order was a *de facto* dissolution of the February 3, 2023 preliminary injunction. *Id.* at 18-19. Therefore, Appellee concludes that the July 11, 2023 order denying Appellant's request for a permanent injunction "did not effect a change in the *status quo*[]" because the trial court had already lifted the restriction on Appellee operating hole number four on its golf course. *Id.* at 19-20. Appellee concludes that this Court should quash this appeal and remand this matter to the trial court to address Appellant's post-trial motion. *Id.* at 15, 26.

Appellant argues that the July 11, 2023 order denying her request for a permanent injunction is appealable under Pa.R.A.P. 311(a)(4) because it is an order denying a permanent injunction. Appellant's Brief at 1-3.

Generally, "[f]or an order to be appealable, it must be (1) a final order, Pa.R.A.P. 341-342; (2) an interlocutory order appealable by right or

- 7 -

permission, 42 Pa.C.S. § 702(a)-(b); Pa.R.A.P. 311-312; or (3) a collateral order, Pa.R.A.P. 313." ***Ashdale v. Guidi Homes, Inc.***, 248 A.3d 521, 525 (Pa. Super. 2021).

It is well-established that "[i]n the context of an equity action decided by a trial judge without a jury, an appeal lies from the entry of judgment." ***Melani v. Northwest Eng'g Inc.***, 909 A.2d 404, 405 (Pa. Super. 2006) (citation omitted); ***see also*** Pa.R.A.P. 341(a) (providing that "an appeal may be taken as of right from any final order of a . . . trial court").

Rule of Appellate Procedure 311 states, in relevant part:

**(a) General Rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from the following types of orders:

\* \* \*

(4) *Injunctions*. An order that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction unless the order was entered:

\* \* \*

(ii) After a trial but before entry of the final order. Such order is immediately appealable, however, if the order enjoins conduct previously permitted or mandated or permits or mandates conduct not previously mandated or permitted, and is effective before entry of the final order.

Pa.R.A.P. 311(a)(4)(ii).

"The scope of a preliminary injunction ends when a petition for a permanent injunction is either granted or denied." ***Buck Hill Falls Co. v. Clifford Press***, 791 A.2d 392, 396 (Pa. Super. 2002) (citation omitted); ***see***

*also Gun Owners of Am., Inc. v. City of Philadelphia*, 311 A.3d 72, 80 (Pa. Cmwlth. 2024) (*en banc*) (explaining that the trial court's order denying the plaintiffs' request for a permanent injunction "resulted in the dissolution of [the trial court's] previously issued preliminary injunction").[4]

In *Thomas A. Robinson Family LP v. Bioni*, 178 A.3d 839 (Pa. Super. 2017) (*Robinson Family LP*), this Court examined the interaction between Pa.R.A.P. 311(a)(4)(ii) and Pa.R.C.P. 227.1(c), which requires a party to file post-trial motions within ten days of the filing of the decision following a non-jury trial. *Robinson Family LP*, 178 A.3d at 843-48.

> It is well-established that
>
> the filing of a post-trial motion serves two critical functions in appellate practice. First, it preserves issues for appellate review, as grounds not specified in a post-trial motion are deemed waived. Second, it satisfies an essential procedural prerequisite to obtaining an appealable final judgment. Because post-trial motions must be filed within ten days after a decision in a non-jury trial, Pa.R.C.P. 227.1(c), the failure to meet this deadline will preclude entry of any final order and foreclose appellate review.

*Id.* at 844 n.4 (some citations omitted and some formatting altered); *see also Melani*, 909 A.2d at 405 (stating that "[o]nce a post-trial motion is timely filed, judgment cannot be entered until the trial court enters an order disposing of the motion or the motion is denied by operation of law [120] days after the filing of the motion" (citing Pa.R.C.P. 227.4)).

---

[4] Although decisions of the Commonwealth Court are not binding on this Court, they may provide persuasive authority. *See Maryland Cas. Co. v. Odyssey Contracting Corp.*, 894 A.2d 750, 756 n.2 (Pa. Super. 2006).

This Court has explained that

> a party [can] invoke Rule 311(a)(4) to appeal from a final injunction entered in a case in which claims for damages remained pending. We [previously] explained that because the unresolved damages claims prevented the injunction from being a final order under Appellate Rule 341, the injunction was interlocutory and appealable under Rule 311. In addition, . . . we held that in this situation, a post-trial motion need not be filed, stating, "it is improper to file a motion for post-trial relief when appealing pursuant to Rule 311." **Nevyas** [**v. Morgan**, 921 A.2d 8, 13 (Pa. Super. 2007)].

**Robinson Family LP**, 178 A.3d at 846 (some citations omitted and some formatting altered).

Therefore, the **Robinson Family LP** Court concluded that

> [the] clear purpose [of Pa.R.A.P. 311(a)(4)(ii)] is to permit an immediate appeal if an immediately-effective permanent injunction makes such a change to the status quo that the aggrieved party needs quick appellate recourse without incurring delays from post-trial proceedings in the trial court. The exception is designed to provide the putative appellant with the option to file for immediate review of a "new" injunction entered after trial, notwithstanding that final judgment has not been entered.

**Id.** at 847 (footnotes omitted); **see also id.** at 848 (stating that the defendants "did not waive their appellate rights by failing to file a motion under [Pa.R.C.P.] 227.1" and filing an immediate appeal pursuant to Pa.R.A.P. 311(a)(4)(ii)); **Gun Owners of Am., Inc.**, 311 A.3d at 80 (concluding that the trial court's order denying the plaintiffs' request for a permanent injunction was immediately appealable pursuant to Rule 311(a)(4)(ii) because the order allowed the City of Philadelphia to resume enforcement of a previously

enjoined ordinance and that order went into effect before the entry of a final order).

Although post-trial motions need not be filed with respect to an order that is immediately appealable under Rule 311(a)(4)(ii), this Court may hear an appeal pursuant to this Rule even when there was an outstanding post-trial motion pending before the trial court. *See, e.g.*, *Guiser v. Sieber*, 237 A.3d 496, 500-02 (Pa. Super. 2020) (concluding that this Court had jurisdiction over the defendants' appeal from the trial court's order permanently enjoining the defendants from blocking the plaintiffs' access to a private road even though the defendants filed their notice of appeal before the trial court ruled on their post-trial motion).

Rule of Appellate Procedure 1701 states, in relevant part, "[e]xcept as otherwise prescribed by these rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a); *see also Ostrowski v. Pethick*, 590 A.2d 1290, 1292 (Pa. Super. 1991) (explaining that the pendency of an appeal deprived the trial court of jurisdiction to act on a pending post-trial motion). However, Rule 311 provides that "Pa.R.A.P. 1701(a) shall not be applicable to a matter in which an interlocutory order is appealed under subdivision[] . . . (a)(4) of this rule." Pa.R.A.P. 311(h). Further, an appeal taken from any non-appealable interlocutory order does not divest a trial court of jurisdiction to proceed further in the matter. *See* Pa.R.A.P. 1701(b)(6) (stating that a trial court may "[p]roceed further in any matter in which a non-appealable interlocutory order

- 11 -

has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order"); *Melani*, 909 A.2d at 406 & n.5 (concluding that an appeal from an order entered after a non-jury trial, but prior to the entry of judgment, "did not divest the trial court of jurisdiction since the appeal is from an interlocutory order" which was not appealable as of right or as a collateral order (citation omitted)).

Here, the trial court explained:

Initially, we emphasize that the instant appeal is not cognizable. Rather, the instant appeal is interlocutory and clearly procedurally improper. This appeal has been taken from the trial court's decision and order entered on July 11, 2023. However, the court has not yet ruled on [Appellant's] July 21, 2023 post-trial motion, [n]or [has Appellant] filed a *praecipe* to enter judgment on the verdict.

It is well-established law that to preserve issues for appeal, it is mandatory that parties file post-trial motions. ***Lane Enterprises, Inc. v. L.B. Foster Co.***, 710 A.2d 54, 54 (Pa. 1998); Pa.R.C.P. 227.1. . . .

\* \* \*

Furthermore, the instant appeal is procedurally defective as it does not comport with Pa.R.C.P. 227.4, . . .

\* \* \*

Because Pa.R.C.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal; issues not raised in a post-trial motion are waived for appeal purposes.

In the present case, the record reveals that following the trial court's July 11, 2023 decision, [Appellant] filed a post-trial motion on July 21, 2023. . . . However, prior to holding oral argument and adjudicating the post-trial motion, [Appellant] elected to file the instant appeal to the Superior Court on August 9, 2023, thereby divesting the trial court of jurisdiction. Although the cases cited above deal with the failure to file a post-trial motion, we can find no reason to distinguish the case at bar. Specifically, filing a

- 12 -

notice of appeal before the trial court can rule on a post-trial motion which has been timely scheduled for argument is akin to intentionally preventing the trial court [from] deciding the motion and attempting to circumvent Pa.R.C.P. 227.1(c). Both scenarios deprive the trial court of the ability to correct perceived trial errors and alleviate the need for an appeal. Therefore, pursuant to Pa.R.C.P. 227.1 and the cases cited above, we find that plaintiff has waived the filing of a post-trial motion. To hold otherwise, would permit litigants to divest the trial court of jurisdiction prior to having an opportunity to correct perceived trial errors and permits litigants to seek review[] . . . of trial issues for the first time in appellate court.

Accordingly, we respectfully request that the Superior Court quash this appeal with prejudice because no issues have been properly preserved for appellate review.[fn2]

> [fn2] The only issue that [Appellant], as the prevailing party on her claims of trespass and nuisance, can appeal is the denial of a permanent injunction.

Trial Ct. Op., 8/17/23, at 1-3 (some citations and footnotes omitted, and some formatting altered).

Based on our review of the certified record, we agree with the trial court that Appellant filed the instant appeal before the 120-day period for the trial court to decide her post-trial motion had expired. *See* Pa.R.C.P. 227.4(1)(b). We also agree that at the time Appellant filed her notice of appeal, judgment had not been entered on the trial court's docket. However, we disagree with the trial court's conclusion that the instant appeal should be quashed as an improper interlocutory appeal. *Cf. Melani*, 909 A.2d at 405. On this record, as more fully discussed below, we conclude that the July 11, 2023 order altered the status quo as it permitted conduct that was not permitted previously and was effective before the entry of a final order. For these

- 13 -

reasons, we conclude that the July 11, 2023 order is immediately appealable as of right under Pa.R.A.P. 311(a)(4)(ii).

We note that the trial court entered a preliminary injunction on February 3, 2023, which restricted Appellee from operating hole number four on its golf course "until [Appellee] takes measures to prevent golf balls from entering" Appellant's property. **See** Trial Ct. Order, 2/3/23, at 2 (footnote omitted). Subsequently, the trial court denied Appellee's motion to dissolve the preliminary injunction, explaining that Appellee could resume operating hole number four if Appellee believed that it had taken "adequate measures" to "prevent golf balls from entering [Appellant's] property." **See** Trial Ct. Order, 5/25/23, at 1 n.2. Additionally, the trial court also informed Appellee that "[f]ailure to take action sufficient to achieve those measures may result in a finding of contempt, additional sanctions[,] or permanent closure of hole number 4." **See id.** Lastly, the trial court's July 12, 2023 order denying Appellant's motion for contempt indicates that the preliminary injunction was dissolved on July 11, 2023. **See** Trial Ct. Order, 7/12/23, at 1 n.1 (noting that trial court denied Appellant's request for a permanent injunction on July 11, 2023, therefore, "the preliminary injunction entered on February 3, 2023, [was] dissolved by operation of law").

Based on our review of the record, we disagree with Appellee's contention that the **May 25, 2023** order was a *de facto* dissolution of the preliminary injunction, and we conclude that the trial court's **July 11, 2023** order denying Appellant's claim for a permanent injunction had the effect of

dissolving the preliminary injunction. *See Buck Hill Falls Co.*, 791 A.2d at 396; *see also Gun Owners of Am., Inc.*, 311 A.3d at 80; Trial Ct. Order, 7/12/23, at 1 n.1. The dissolution of the preliminary injunction means that Appellee is no longer subject to the condition that it cannot operate hole number four unless it has taken precautions to prevent golf balls from entering Appellant's property. Therefore, we conclude that the July 11, 2023 order altered the status quo as it permitted conduct that was not permitted previously and was effective before the entry of a final order. For these reasons, we conclude that the July 11, 2023 order is immediately appealable under Pa.R.A.P. 311(a)(4)(ii). *See Robinson Family LP*, 178 A.3d at 847.

Further, we disagree with the trial court's determination that Appellant waived her appellate issues by filing her notice of appeal before the trial court could dispose of Appellant's post-trial motions. It is axiomatic that when a party seeks to take an interlocutory appeal as of right pursuant to Rule 311(a)(4), that post-trial motions are not required. *See id.* at 846. As we have discussed, we are mindful of circumstances in which this Court has exercised jurisdiction over an appeal of right under Rule 311(a)(4)(ii) in which appellants filed post-trial motions and then filed a notice of appeal to this Court during the pendency of their motions before the trial court. *See Guiser*, 237 A.3d at 501-02. Here, Appellant filed her post-trial motion with the trial court challenging the denial of her permanent injunction request, and then filed her notice of appeal with this Court while her motion was pending before the trial court. Although not the best practice, her filing of the interlocutory

appeal from the trial court's July 11, 2023 order is an appeal as of right pursuant to Pa.R.A.P. 311(a)(4)(ii) that does not require the filing of post-trial motions, accordingly, her appeal before this Court is not waived.[5] *See id.*; *see also Robinson Family LP*, 178 A.3d at 846. Therefore, we decline to quash this appeal.

## Permanent Injunction

Appellant argues that the trial court erred by denying her request for a permanent injunction. Appellant's Brief at 17-28. Specifically, Appellant contends that she has a clear right to relief because the jury found Appellee liable for both a continuing trespass and a continuing nuisance. *Id.* at 18. Appellant further claims that Appellee had not presented any evidence that it had abated the trespass and nuisance of golf balls entering onto Appellant's property from golfers playing hole number four of Appellee's course. *Id.* at 18-19. Appellant also argues that the trespass and nuisance are of a continuing character and future monetary damages cannot be ascertained. *Id.* at 23-24. Appellant contends that her decision to pursue damages for the

_____

[5] We acknowledge the trial court's concern that a party may attempt to circumvent the requirements of Pa.R.C.P. 227.1 and deprive a trial court of jurisdiction to decide post-trial motions by filing a premature notice of appeal. However, as noted above, when a party takes an appeal from a non-appealable interlocutory order, a trial court does not lose jurisdiction to proceed further in the matter, and the trial court may dispose of any pending post-trial motions within the time provided for in Pa.R.C.P. 227.4. *See Melani*, 909 A.2d at 406; *see also* Pa.R.A.P. 1701(b)(6). Therefore, a party cannot deprive the trial court of jurisdiction to rule on post-trial motions by filing a notice of appeal from a non-appealable order.

diminution in the value of her property did not affect her ability to seek equitable relief against future trespass and nuisance. *Id.* at 21-25. Therefore, Appellant concludes that she does not have an adequate remedy at law to address future harm from Appellee's continuing trespass and nuisance. *Id.* at 19-23 (citing, *inter alia*, **Youst v. Keck's Food Serv., Inc.**, 94 A.3d 1057 (Pa. Super. 2014)).

> Initially, we note our standard of review:

> The grant or denial of a permanent injunction is a question of law. Regarding the trial court's legal determination, our standard of review is *de novo*, and our scope of review is plenary. As in all equity matters, however, we must accept the trial court's factual findings and give them the weight of a jury verdict where they are supported by competent evidence.

**Guiser**, 237 A.3d at 504 (Pa. Super. 2020) (citation omitted).

"To justify the award of a permanent injunction, the party seeking relief must establish that his right to relief is clear, that an injunction is necessary to avoid an injury that cannot be compensated by damages, and that greater injury will result from refusing rather than granting the relief requested." **Kuznik v. Westmoreland Cty. Bd. of Comm'rs**, 902 A.2d 476, 489 (Pa. 2006) (citation omitted). This Court has explained that "unlike a claim for a preliminary injunction, the party need not establish either irreparable harm or immediate relief and a court may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law." **Youst**, 94 A.3d at 1078 (citation omitted). Further, "whether a preliminary injunction is granted or denied has no effect on whether a final,

permanent injunction will ultimately be issued." ***Buck Hill Falls Co.***, 791 A.2d at 396 (citation omitted).

The Commonwealth Court has explained that "[t]he fact that a plaintiff has a remedy in a trespass cause of action does not rule out the availability of injunctive relief." ***Big Bass Lake Cmty. Ass'n v. Warren***, 950 A.2d 1137, 1146 n.13 (Pa. Cmwlth. 2008) (citation omitted). Additionally, in ***Youst***, a jury found in favor of the plaintiffs on their claims of trespass and nuisance and awarded damages where the defendant modified a dam on a creek, which caused periodic flooding of the plaintiffs' property. ***Youst***, 94 A.3d at 1059, 1069. The trial court in ***Youst*** also granted the plaintiffs' request for a permanent injunction, ordering that the defendant "abate the nuisance of the periodic flooding of [the plaintiffs'] property . . . ." ***Id.*** at 1070. This Court affirmed the award of a permanent injunction, explaining that the jury had found the defendant liable for creating a private nuisance on the plaintiffs' land, and because "the nuisance is continuing, the trial court possessed the authority to issue a permanent injunction and order [the defendant] to 'abate the nuisance.'" ***Id.*** at 1079 (citation omitted).

Here, the trial court explained in its order denying Appellant's claim for a permanent injunction:

> When [Appellant] withdrew her requests for any damages other than diminution in property value, that election established an adequate remedy at law for her continuing trespass and private nuisance claims. ***See Buffalo Twp. v. Jones***, 813 A.2d 659 (Pa. 2002). Not only did the jury award compensatory damages for that diminution in value but also awarded punitive damages. These are adequate remedies at law. The trial and final hearing

evidence was that no person was injured nor any animal over the last 20 plus years from a golf ball. And although the flight of the errant golf balls may cause [Appellant] to enjoy her property less than she would hope for, there were no claims for infliction of emotional distress made by [Appellant].

An injunction is an extraordinary remedy which can be awarded only when there is no adequate remedy at law. [Appellant] has elected an adequate remedy and as such, is not entitled to a permanent injunction. There is no evidence of immediate harm. At the [non-jury trial on Appellant's claim for a] permanent injunction . . . evidence was presented that [Appellee] was taking action to redesign hole number 4 to address the trespass and nuisance issues. Therefore, a permanent injunction is not necessary to prevent a legal wrong for which there is an adequate remedy at law. *See Buffalo Twp.*, *supra*, at 663. If [Appellee] is not successful in these endeavors, a jury has already awarded punitive damages against [it] in the amount of $110,000. [Appellee] should be aware that any further litigation regarding these issues may lead to a much more significant punitive damages award.

Trial Ct. Order, 7/11/23, at 1-2 n.3.

Based on our review of the record, we are constrained to disagree with the trial court. Our standard of appellate review requires this Court to defer to the trial court's factual findings in equity matters and to give these findings the weight of a jury verdict if they are supported by competent evidence. *See Guiser*, 237 A.3d at 504. Here, inexplicably, the trial court entered its decision before the non-jury trial ended. On this record, the trial court abruptly continued the non-jury trial *sua sponte* in the middle of the testimony of Appellee's witness, Mr. Piersol. Appellee moved to resume the trial testimony of its witness, but the trial court entered its order denying Appellant's claim for a permanent injunction without reconvening the non-jury trial. *See* N.T. Non-Jury Trial, 6/14/23, at 79; *see also* Trial Ct. Order,

- 19 -

7/11/23, at 1-2. The abrupt end of the trial prevented Appellee's witness from completing his direct testimony and denied Appellant the opportunity to cross-examine Mr. Piersol regarding the remedial measures Appellee had taken to prevent the intrusion of golf balls onto Appellant's property from players on hole number four. **See** N.T. Non-Jury Trial, 6/14/23, at 39-79. Further, Appellant could not present pertinent rebuttal evidence if appropriate. **See id.**

For these reasons, we are constrained to conclude that the instant record is incomplete and is not ripe for appellate review because the parties had not completed the presentation of their cases because the trial judge inexplicably ended the trial *sua sponte* and then abruptly denied Appellant's request for permanent injunctive relief without reconvening the non-jury trial. Accordingly, this Court is prevented from conducting meaningful appellate review. Under these circumstances, we cannot conclude that Appellant failed to establish that a permanent injunction is necessary for her to avoid an injury that cannot be compensated by damages and that Appellant will suffer a greater injury from the denial of a permanent injunction than would result from the granting of an injunction. **See Kuznik**, 902 A.2d at 489; **see also Youst**, 97 A.3d at 1078.

Accordingly, we vacate the trial court's July 11, 2023 order denying Appellant's request for a permanent injunction and remand to the trial court for further proceedings consistent with this opinion.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/28/2024